CASE 3—EJECTMENT—JANUARY, 1883.

# Francis, &c., v. Wood, &c.

APPEAL FROM GARRARD CIRCUIT COURT.

1. If the amended petition is to be regarded as an action to vacate or modify a judgment rendered thirty years before it is filed, it is too late.

2. When appellant seeks to enter after the death of the life-tenant, she is met with the judgment of 1842 divesting her of all title to the land. This judgment must be disposed of before appellants' cause of action exists.

3. The necessary admission of facts by a demurrer is equivalent to proof in open court.

4. The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward.

W. O. BRADLEY FOR APPELLANT.

1. The court sustained the demurrer upon the ground, among others, that limitation barred appellants' recovery. Limitation cannot be taken advantage of by demurrer. Such a plea is a mere personal privilege.

2. Appellant had no right of entry as tenant in remainder until her mother's death, which took place less than three years before the institution of this action.

3. Even if the suit of Kennedy v. Bridges is a bar, I maintain that, being a matter of estoppel, it can only be taken advantage of by answer.

4. Appellee contends that the judgment should not be set aside because the chancellor cannot place the parties in *statu quo*. If the judgment be void, as I maintain, this question can cut no figure in this case, and the chancellor must disregard it. (Myers' Civ. Code, secs. 161, 421, 579; Crutcher v. Trabue, 5 Dana, 82; Hieronymous v. Mayall, 1 Bush, 510; Rankin v. Turney, 5 Bush, 556; Board v. Jolly, *Ib.*, 86; May's heirs v. Hill, 5 Lit., 312; Boone v. Dyke's leg., 3 Mon., 537; Doe v. Proper, Cowp., 217; Miller v. Shackelford, 3 Dana, 296; Davis v. Tingle, 8 B. M., 541; Williams v. McClannahan, 3 Met., 424; Nunnally v. White, *Ib.*, 588; Myles' ex'r v. Myles, 6 Bush, 237; Turman v. White's heirs, 14 B. M., 540; Burns v. Ray, 18 B. M., 403; Belly v. Moore, 1 Dana, 236; Birney v. Richardson, 5 Dana, 425; King v. Morris, 7 Dana, 273; Edwards v. Woolfolk, 17 B. M., 380; Givens v. Peak, 1 Dana, 225; Mattox v. Helm, 5 Lit., 185; Arnold v. Arnold, 17 Pick., 4; Ferrer's Case, 6 Coke, 7; Cleaton v. Chambliss, 6 Rand., 86; Clark v. Young, 1 Cranch, 181; Kendall v. Talbott, 1 Mar., 321; Thomas and wife v. Hite, 5 B. M., 593; Birch, &c., v. Funk, 2 Met., 545; Thompson v. Clay, 3 Mon., 362 Miles v. Collins, 1 Met., 310; Bruce v. Burdett, 1 J. J. Mar., 86; 14 B. M., 633; Gray v. Roberts, 2 Mar., 208; Edwards v. Coleman, *Ib.*, 250; Jones' adm'r v. Commercial Bank of Kentucky, 78 Ky., 423; Timberlake v. City of Newport, Ky. Law Rep., July, 1880; Estill v. Clay, 2 Mar., 500; Moore v. Farrow, 3 Mar., 43; Blight v. Banks, 6 Mon., 205, Hynes v. Oldham, 3 Mon., 266; Green's heirs v. Breckinridge's heirs, 4 Mon., 541; Taylor v. Watkins, 4 B. M., 568; Clay v. Marshall, 5 B. M., 273; Ruby v. Grace, 2 Duv., 540; Long v. Montgomery, 6 Bush, 395; sec. 2, art. 1, ch. 63, 2d vol. Rev. Stat., p. 123; Roberts v. Stowers, 7 Bush, 296; Newcum v. Newcum, 13 Bush, 546; Bustard v. Gates, 4 Dana, 437; Ray v. McIlvoy, 1 Mar., 546; Banta's heirs v. Calhoon, 2 Mar., 168; Downing's heirs v. Ford, 9 Dana, 391; Benningfield v. Reed, 8 B. M., 104; Jones v. Maginity, 3 Dana, 426; Collard's heirs v. Groom, 2 J. J. Mar., 486; Shropshire v. Reno, 5 Dana, 584; Holtzclaw v. Blackerby, 9 Bush, 40; Kerr v. Bohannon, 1 B. Mon., 87; Sugden's Vendors, 237–243; 1 Greenleaf's Evidence, sec. 530; Hackley's ex'r v. Swigert, 5 B. Mon., 87; Kane, &c., v. Pilcher, &c., 7 B. Mon., 651; Foster v. Grigsby, &c., 1 Bush, 94; Bigelow's Estoppel, 25; Brownfield, &c., v. Dyer, &c., 7 Bush, 508; Freeman on Judgments, sec. 117.)

GEORGE W. DUNLAP FOR APPELLEE.

1. The record shows that appellant was a party to the suit of her mother for dower against Kennedy in 1842, and she is concluded thereby

unless, under the provision of the Code, she sued after she arrived at twenty-one years of age.

2. When appellant instituted her first suit she was twenty-eight years of age, and although she was an infant when the dower suit was brought, and married in infancy, the two disabilities of infancy cannot be added together.

3. She is concluded by the judgment against her in the former suit. (2 A. K. Mar., 208; 1 J. J. Mar., 256; 2 A. K. Mar., 350; 14 B. Mon., 633; 4 Bibb., 85, 1 Met., 609; 3 Mon., 361; 1 Duv., 282.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action in the nature of an ejectment seeking the recovery of a tract of land in Garrard county by Francis and wife against Rice G. Wood and others. The plaintiffs, who are appellants in this court, claim to have derived title through Thomas Kennedy, jr., who died in the year 1840, and who was the father of Mrs. Francis, she being the only child, and inheriting her father's estate. The action was instituted in the year 1874, more than thirty years after the estate descended to Mrs. Francis. It is insisted, however, that the statute of limitation has not been pleaded, and that the land sued for was the dower estate of the wife of Thomas Kennedy, the mother of the appellant, and that no cause of action accrued to the appellant until the termination of the life estate.

It is plain, if this was the only fact in the case affecting the cause of action, that the right of entry must exist in the one in remainder or reversion before the statute can begin to run. Ordinarily, an adverse possession during the continuance of the particular estate will not affect the one in remainder; but we do not understand that this is the question upon which the right of recovery was denied, or the demurrer to appellants' petition sustained. At the time of the death of the ancestor of the appellant, Mrs. Francis, he had sold or exchanged a large tract of land, including the

land in controversy, with one Bridges, and executed to the latter his bond for title.   In May, 1841, after the death of Thomas Kennedy, his widow, who was the mother of appellant, filed her action in chancery in the Garrard circuit court, asking to be endowed of the land of her husband.   The present appellant, Edna, was then but a year old.   She was made a defendant to that proceeding as well as the administrator of Thomas Kennedy and Bridges, to whom Kennedy had sold the land.   The infant, Edna, was also made a defendant to the cross-petition or cross-bill of Bridges, in which he set up his purchase from her father, the payments of moneys made by him, and insisted that if her mother was assigned dower in the land he had purchased, the price should be abated in proportion to its value, and also asked that a conveyance be made him of the land.   Seven hundred and four acres of the tract sold Bridges, the whole quantity being 1,900, was allotted to Mrs. Kennedy as dower, and this is the land in contest.   It was then ascertained, by a report of the commissioner, that the purchase-money had been all paid, after deducting the value of the dower, and a conveyance was made by the commissioner, under an order of court, to Bridges for the entire land, subject to the dower of the widow.

Bridges sold the land to the appellee, Wood, and, shortly after the dower was allotted, the widow sold the dower to Wood also, and he was in possession, except some small portions that he had sold, at the institution of the action. The conveyance was made to Bridges by the commissioner in the year 1842, and the judgment and proceedings under it by which he acquired title remains unreversed.   The appellant cannot maintain her ejectment unless this judgment, under which Bridges acquired title and his vendees

claim, was void, and this is not urged in argument; and if it was, it is plain from the record, although irregularities may be found in it, that the judgment is binding on all the parties to it.   It cannot be attacked in a collateral proceeding, and if the amended pleading is to be regarded as an action to vacate or modify the judgment, it is too late, after the lapse of thirty years, to institute such a proceeding.   It is argued, however, that this is an action for the recovery of the land, and that no right of action accrued until the death of the mother, the life-tenant.   This is true as to the land; but when the appellant seeks to enter after the death of the life-tenant, she is met with the judgment of 1842, divesting her of title, and passing it by the deed of the commissioner to Bridges, who is the vendor of the appellee, the party in possession.   When did the appellant have the right to open that judgment?   She was twenty-one years of age in the year 1861, and construing the amended pleading as converting this action into an equitable proceeding, and as assailing the judgment for fraud, more than thirteen years elapsed after appellant arrived at age before the institution of the action, and thirty-four years since the judgment was rendered.   That judgment must be disposed of in some way before the cause of action exists, as the amended pleading makes the record in which that judgment was rendered a part of this action.   The ten years' limitation would certainly apply as to the question of fraud, and whether the statute providing that no action shall be brought where more than ten years have elapsed since the perpetration of the fraud is to be regarded as a matter of defense, or as affecting the cause of action, is not necessary to be determined, as the lapse of thirty-four years, without any effort made to attack it, is such laches as will authorize the

chancellor to say that he will not disturb it. Besides, in May, 1868, the present appellants instituted an action in equity, seeking to set aside the judgment of 1842 upon the ground of fraud, and for many irregularities alleged to exist in the proceeding, by which the appellant was divested of title. The object of that action was to remove the judgment that stood in the way of the appellant in her attempt to recover the land. The alleged combination with the present appellee and Bridges can avail nothing as long as that judgment is in force. Her petition was dismissed by the lower court, and from the judgment dismissing it an appeal was taken to this court, and the judgment affirmed.

In the opinion affirming that judgment, this court said:

"The charges set up in the pleadings, if true, would have been available for a vacation of the judgment in the case of Kennedy v. Bridges. If Mrs. Francis had seen proper, within twelve months after she became twenty-one years of age, to have filed her petition in the proper court, and asked such relief, admitting everything in her pleadings to be true, no court in this state has the right to treat it as void, nor has the Garrard circuit court the power to vacate or modify it."

The action referred to was to impeach and vacate the judgment under which appellee claims. It is true the case referred to went off on demurrer, but the facts alleged showed, as the opinion states, whether right or wrong is not necessary to discuss, that relief might have been granted if the appellant had not been guilty of laches in the prosecution of her claim. It is true that it was held in that case that the charge as to the fraudulent procurement of the judgment was too indefinite to authorize the interposition of the chancellor for that reason, still other facts were alleged showing the party entitled to relief; but for her failure to

prosecute her action within the time required by law, the relief was denied. The right of the appellant to have the judgment set aside was the subject of litigation in that case, and the adjudication against her. The admission of facts by a demurrer is equivalent to proof by a witness in open court. If there is no cause of action alleged, the issue of law, by the demurrer being decided against the plaintiff, constitutes no bar to the prosecution of the claim. It is not a trial on its merits. The court, however, in the former opinion, seems to have concluded the plaintiff would have been entitled to relief by reason of other facts alleged than the fraud, if the action had been in time. This court having so decided, can the appellant go back and bring an action based upon a more certain and positive allegation of fraud, and by so doing prosecute various causes of action for the same purpose, alleging one state of fact in the one case for relief, and a different state of fact in the other for the same relief? The plea of *res adjudicata* applies, except in special cases, not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward. They cannot open the litigation in respect of matters which might have been brought forward, only because, by negligence or inadvertence, they have omitted from their case. (3 Hare, 115; Davis v. McCorkle, 14 Bush.)

Upon a careful review of the record, we must concur with the court below, and, for the reasons indicated, the judgment is affirmed.