# McCain v. Louisville & Nashville Railroad Company.

### APPEAL FROM MARION CIRCUIT COURT.

NEGLIGENCE—RES JUDICATA.—A judgment for defendant in an action against a railroad company to recover damages for personal injuries alleged to have resulted from defendant's negligence is a bar to a subsequent action against the same defendant to recover damages for the same injuries, although the specific acts of negligence alleged in the two petitions are different, there being but a single transaction.

HUGH P. COOPER FOR APPELLANT.

The former adjudication is not a bar to this action.   (Thomas v. Bland, 12 Ky. Law Rep., 640;  Pepper v. Donnelly, 10  Ky.  Law Rep., 140; Birch &c. v. Funk, 2 Met., 544.)

W. J. LISLE FOR APPELLEE.

The judgment in the former action to recover for the same injuries is a bar to this action.  (Davis v. McCorkle, 14 Bush, 754; Chrisman v. Hunter, 3 Dana, 83;  Talbott v. Todd, 5 Dana, 190; Gillon v. Wilson, 3 Mon., 217.)

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

In December, 1890, the appellant and one Greene were in a top buggy, and without listening or looking out for the

train—both being engaged in conversation and driv-
ing along in a "careless sort of way"—drove close up to
railroad crossing of the appellee, when they discovered that
the train was right at them.  The horse they were driving
became unruly and ran across the track.  When across and
in apparent safety, the whistle was very sharply blown,
frightening the horse, so that he turned around.  The buggy
was thus upturned, and McCain severely injured.  He,
therefore, sued the company, charging that its train ap-
proached the public road-crossing at a dangerous rate of
speed, without giving the usual and customary notice of its
approach, whereby the appellant was decoyed so near the
crossing that his horse became frightened and ran away,
and the appellant injured.

The defendant company answered, denying not only the
specific charges of negligence set forth in the petition, but
also denying generally that by any negligence on its part
it frightened the plaintiff's horse, caused it to run away,
or caused or inflicted any injury to the plaintiff.

Upon the close of the plaintiff's testimony, the court in-
structed the jury to find for the defendant.  Upon appeal
to this court, that judgment was affirmed.

Thereafter the appellant instituted this action against
the defendant, setting up as his cause of action the negli-
gence of defendant's agents in giving an unusual and loud
whistle of its engine after plaintiff had crossed the track
in safety, and thus frightening the horse and causing the
injury.

The injury thus complained of in this action is confessed-
ly the same as that in the former suit, and we think the plea
of res adjudicata was properly sustained by the lower court.
The whole transaction was put in proof in the first action,
and each and every act of the defendant company, on the

occasion of the accident, was alleged in the answer not to be negligently done. The whole question of negligence, involving each and every act of the defendant, was, in fact, involved in the pleadings. But if not, they should have been put in issue by proper averments and pleadings. There was but a single transaction, a single cause of action, and there can be but one action.

Moreover, the plaintiff does not show himself entitled to any relief on the merits of his case. He shows no negligence on the part of the defendant, and as said in the former opinion in the case involving the same testimony, the appellant and his companion showed an utter want of precaution in approaching the crossing.

The judgment is affirmed.

---

*This case has only recently been ordered to be reported.