CASE 19—PETITION EQUITY.—APRIL 2.

# Bement v. Ohio Valley Banking & Trust Co.

99    109
124    72

APPEAL FROM HENDERSON CIRCUIT COURT.

1. LIMITATION—ASSUMING DEBT OF ANOTHER.—Where one assumes the debt of another, in consideration of the conveyance to him of real estate, the contract being in writing, it is a subsisting liability against him, and the fifteen-year statute of limitation is applicable thereto.

   And an assignment of that claim by the creditor to the party assuming it, which was without consideration and disregarded by the parties themselves, will not be treated as effectual for any purpose.

2. LIMITATION—RELEASE WITHOUT CONSIDERATION.—The plea of limitation can not avail in upholding a release from the payment of the recited consideration in a deed, the release being without consideration, and having been executed within ten years before the commencement of the action; and especially where the release was not, and could not with reasonable diligence have been discovered before it was filed in court.

3. EXISTING LIABILITY.—A covenant in a deed by a grantor by which he warrants title and possession to the property conveyed, is an "existing liability" within the meaning of the statute from the time of the execution of the deed; and it is not necessary to await eviction before it becomes such.

4. RES ADJUDICATA.—A judgment of a court of competent jurisdiction is generally conclusive not only as to all matters determined by it, but of all incidental matters which might have been properly litigated and decided in the same suit; but this rule should not be applied where the new issues, being as to material and distinct matters, were not presented and determined in the former action either through the fraud of one party, or the unavoidable casualty and misfortune of the other.

H. F. TURNER & MONTGOMERY MERRITT FOR APPELLANT.

1. In the deed from Joseph G. Adams to John C. Adams it is recited

that the consideration is to be paid to Joseph Adams; that is a written contract upon which Joseph Adams might bring suit at any time within fifteen years. (Elliott v. Saufley, 10 Ky. Law Rep., 958.)

2. The conveyances do not indicate any fraud on their faces, and recite valuable considerations. It is not shown that Bement had any notice,.or could have learned by reasonable diligence that they were fraudulent or voluntary. ·Therefore, Bement's right of action for relief did not accrue until the discovery of the fraud, which was within ten years. (Gen. Stats., page 892; Wood v. Thomas, 81 Ky., 452; Brown v. Connell, 9 Ky. Law Rep., 28.)

3. Any one liable upon a contract, express or implied, though only contingently, is a debtor from the time the liability is entered into. (Hardt v. Courteny, 4 Met., 143; 1 Amer. Leading Cases, p. 42-73; Alexander v. Quigley's Exor., 2 Duvall, 404; Wait on Fraudulent Conveyances, sec. 90, 20 Ala., 741; 36 Ind., 7.)

4. Under the pleadings in the suit to settle the estate of Jos. Adams there could have been no adjudication as to the fraudulent transfer of the lands, and consequently the judgment in that suit can be no bar to this one.

R. H. CUNNINGHAM AND S. B. & R. D. VANCE FOR APPELLEE.

1. An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and matters of defense. (Freeman on Judgments, 249.)

2. Warranty of the title to real estate does not make the warrantor a debtor within the meaning of our statute which declares void as to existing liabilities all gifts, conveyances, assignments, etc., without consideration. The warrantor only becomes a debtor upon the breach of his warranty. (Slater v. Sherman, 5 Bush, 206; Evans v. Lewis, 30 Ohio St., 11.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

Joseph Adams, having died in 1884 intestate, his son, John C. Adams, was appointed administrator, and in 1885 brought an action in equity to settle the estate, against which, how-

ever, he set up individuals demands, arising from alleged payment of debts as surety of decedent, greater in amount than assets reported.

In 1888, C. R. Bement becoming on his petition a party defendant, filed an answer, made cross petition against John C. Adams. In it he stated and also showed that in 1880, Joseph Adams sold and by deed of warranty conveyed to him a tract of land, a dower estate in which, of value about $6,500, E. S. Adams, his widow, sued for and recovered in 1885, and he had consequently a subsisting demand for that sum and interest against the estate of decedent. He further stated for cause of cross action that John C. Adams did not have made and reported a true inventory and appraisement of the estate, but collected and converted to his own use proceeds of policies of insurance on the life of Joseph Adams, and also a government claim that rightfully belonged to the estate.

In defense John C. Adams stated that the policies and government claim were given to him by his father, and that he was entitled to the whole proceeds thereof, without any deduction on that account from the amount of his demands against the estate.

Judgment was rendered in that action August 19, 1891, dismissing the cross petition of Bement, though $2,447 of his demand was directed to be paid *pro rata* out of other assets in the hands of the administrator. That part of the judgment relating to the individual demands of John C. Adams is in these words: "It is adjudged that the gift by Joseph Adams, deceased, to plaintiff, John C. Adams, of the several policies of insurance, and the claim against the United States, were intended in part to indemnify him (said John C. Adams) against loss on any debt then owing, viz, at the

gift and delivery of said policies and claim by said decedent
to said John C. Adams, and any debts on which said John
C. Adams was then bound as surety for said decedent; and,
therefore, it is further adjudged that said John C. Adams
shall not be allowed any claim against his decedent's estate
for any such debt due to or paid by him."

That judgment was, December 10, 1894, affirmed on appeal
by John C. Adams and on cross appeal by C. R. Bement.

August 21, 1891, Bement, having obtained a judgment
against John C. Adams, as administrator for residue of his
demand, upon which was issued an execution returned no
property found, brought the present action to subject
certain real property claimed and held by John C. Adams,
since deceased, in his own right.

The different parcels so held and claimed are alleged and
appear to have been acquired  under these circumstances:

1st. August 23, 1881, Joseph Adams executed to him a
mortgage on a debt he had against J. G. Adams, another
son, for about $3,000, besides other property, to indemnify
him as surety in the Farmers' Bank, and to the First
National Bank on debts therein described.  Subsequently
Joseph Adams brought an action against J. G. Adams for
judgment on the debt, obtaining and causing to be levied an
attachment upon a tract of eighty acres of land.  But Oc-
tober 2, 1884, that action was compromised, and for the re-
cited consideration of $2,100 paid, and undertaking by the
vendee to pay off and discharge the claim of Joseph against
himself, J. G. Adams then conveyed to John C. Adams said
tract of eighty acres.

2d.  June 1, 1882, Joseph Adams, for the recited considera-
tion of $12,000, which John C. and Robert G. Adams had
paid and assumed to pay for him, sold and conveyed to them
various lots or parcels of land described in the deed.

Bement v. Ohio Valley Banking & Trust Co.

3d. In an amended petition, filed February 14, 1893, plaintiff stated that in March, 1891, Joseph Adams, having previously purchased from and paid the heirs of Chas. Clay for a certain lot described, directed them to convey and they did convey it as a gift from him to John C. Adams. It is, however, alleged that if any part of the consideration for that transfer was valuable it was so because intended to further indemnify John C. Adams, as surety.

The first ground of defense to the action we will consider is that of limitation.

It appears that the indebtedness of J. G. to Joseph Adams was by open account, and in order to avail himself of the statute limiting actions for relief for fraud to ten years, defendant alleged that the claim was January 23, 1881, without valuable consideration, given to him by his father and filed what purports to be a written assignment of it of that date. But that transaction was evidently not regarded by the parties, nor should be now treated as effectual for any purpose, because in 1884, on compromise of the action brought by Joseph Adams to recover on that identical claim and release of his attachment upon the tract of eighty acres, John C. Adams undertook and promised to pay to him the full amount thereof as part consideration of the conveyance of said tract by J. G. Adams, and as it is plain Joseph Adams might, while living, have maintained an action on that promise, there is no reason why it is not now, nor why, being a written contract, it would not continue a subsisting liability of John C. Adams for fifteen years from 1884.

Defendant also pleaded and filed a written release from payment of any part of the consideration for the conveyance to him and Robert G. Adams, which Joseph Adams executed August 22, 1882. But, as that release was without any valu-

able consideration and was executed within ten years prior to the commencement of this action, and manifestly was not nor could with reasonable diligence have been discovered by plaintiff until filed, the plea of limitation can not as to it avail. It is, however, a confession that there was then an existing liability of John C. Adams to pay or account for one-half consideration of the conveyance by Joseph Adams to him and Robert G. Adams and the amount of that indebtedness may, nothing to the contrary now appearing, be yet ascertained and subjected to pay creditors of decedent.

But it is argued that the covenant of Joseph Adams to warrant title and possession of the land conveyed to Bement in 1880 was not until 1884, an existing liability in the meaning of the statute, and, consequently the release then executed, although a gift without valuable consideration, was not void as to it. It seems to us such a position can not be sustained without giving to the phrase "existing liabilities" a meaning more restricted than is reasonable or was intended by the Legislature. We, however, regard the question settled by this court in Garrard v. Garrard, 7 Bush, 436.

It is not definitely stated or shown that John C. Adams incurred any liability to Joseph Adams on account of the conveyance by Clay's heirs, but the allegation is the transaction was fraudulent, and as it occured more than ten years before the amended petition was filed the plea of limitation must be sustained.

The main question is whether the judgment rendered in the action to settle the estate of Joseph Adams is a bar to this.

Dismissal of the cross action of Bement, we think, in-

volved a decision merely that the proceeds of the insurance policies and government claim were not subject to the demand of Bement or, for that matter, of any other creditor of the estate, because they were, as said by the court, intended to indemnify John C. Adams against loss on any debt then owing to him by, or any debt on which he was surety of, Joseph Adams. But said proceeds appear to have amounted to as much as his individual demands, a list of which was filed, and, consequently, it was at the same time adjudged none of the demands should be allowed.

The effect of that judgment was to offset the demands of John C. Adams with proceeds of the policies and government claim, and it does not in terms or meaning preclude Bement, or creditors generally, from subjecting other property of the estate in the hands of and improperly withheld by John C. Adams as administrator from cognizance of the court in that action.

But it is a rule often recognized by this court that a judgment of a court of competent jurisdiction is, in general, conclusive, not only as to all matters determined by it, but all incidental matters which might have been properly litigated and decided in the same suit; and as the property, which in this action it is alleged constituted part of the estate of Joseph Adams, and, therefore, subject to payment of debts against it, is a matter that might—indeed, ought to have been—litigated in the other action, the judgment in question, according to rigid application of that rule is a bar to the relief now prayed for. But the rule being adopted by reason of necessity for some end to litigation, and because more injustice would generally result from reviving old issues than from limiting the right to prosecute actions, should not be applied where the new issues, being as to

material and distinct matters, were not, either through fraud of one party or unavoidable casualty or misfortune of the other, presented and determined in the former action.

As that action was instituted by John C. Adams in his fiducial character, and he had, by reason of personal connection with it, actual knowledge of the condition of the property now in litigation, it was his duty to then report it to court as part of the estate, or at least submit for decision of the court all questions properly relating to it. But having, instead, withheld it from the notice of the court to the prejudice of heirs and creditors, he should not now be allowed, in virtue of the rule in question, to profit by his own wrong. Clearly his conduct would have entitled the present plaintiff to a new trial of the former action, if applied for in proper time, and we see no reason why the court may not now ascertain the amount of John C. Adams' indebtedness to the estate, and subject it to the debts of the creditors and distribute the surplus, if any.

The judgment is reversed and case remanded for proceedings consistent with this opinion.