CASE 91—ACTION TO FORECLOSE MORTGAGE—JUNE 1.

# Gatewood v. Long, Etc.

APPEAL FROM BARREN CIRCUIT COURT.

*Res Adjudicata.*—A personal judgment for the amount of the note
     secured by mortgage in an action to foreclose a mortgage lien
     is a bar to a subsequent action for a sale of the property to en-
     force the collection of the judgment.

D. R. CARR FOR THE APPELLANT.

1. An assignment of the judgment by Gatewood to Lawless carried
     with it an assignment of the lien to secure the judgment.   6 B.
     M., 72; 8 B. M., 466.
2. In order to constitute a bar to a prosecution of a suit there must
     be an accord as to the whole cause of action for valuable con-
     sideration actually received from the defendant.   Wriston v.
     Lacy, 7 J. J. Mar., 220; Lewis v. Outton's Admr., 3 B. M., 455;
     Donnelly v. Pepper, 91 Ky., 363.
3. The court erred in sustaining appellant's exceptions to the depo-
     sition   of Mrs. Jennie Gatewood for alleged want of notice—the
     depositions showing that defendants were present, cross-ex-
     amining the witnesses.

WM. H. HOLT ON THE SAME SIDE.

1. There is no evidence to support the claim that the original judg-
     ment was a consent judgment.
2. The lien was not determined by the original judgment.
3. An assignment of the judgment carries the lien.   Roberts v. Bruce.
     91 Ky., 379.

W. L. PORTER AND GEORGE T. DUFF FOR APPELLEES.

1. It is apparent, although not clearly shown, that the original judg-
     ment was a compromise and settlement of the matters between
     the parties.
2. The judgment rendered against Ed. Long was a merger of the

[46]

note upon which the judgment was rendered; and the judgment rendered in that case ended the controversy.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Ed. Long and his wife, Fanny Long, on December 30, 1885, executed to J. S. Gatewood their note for $300, and a mortgage on a tract of land belonging to the wife to secure its payment. On February 2, 1888, Gatewood filed his petition in equity against Ed. Long and his two infant children (his wife being dead), seeking judgment upon the note, and a foreclosure of the mortgage on the land. Long filed answer pleading a failure of consideration. To this answer the plaintiff filed a reply, and by consent the allegations of the reply were taken as controverted. Some proof was taken by the parties, and on September 25, 1889, the action was submitted for trial and judgment. On October 12, 1889, the following judgment was entered:

"The court being fully advised, it is adjudged by the court that the plaintiff, J. S. Gatewood, recover of the defendant, Ed. Long, $300, with interest from the time it was. due until paid. It is further adjudged that the plaintiff pay the costs herein expended, as between him and defendant E. Long."

At the next term of the court the action was stricken from the docket. On January 17, 1894, L. W. Gatewood brought this action, alleging that J. S. Gatewood had given the note and mortgage to B. Lawless, Sr., and that he had bought it from Lawless by a written assignment filed with his petition, the consideration of which, as shown by the assignment, was $25. He prayed judgment against Long and his children for the debt of $300 and interest, and the foreclosure of the mortgage. To this suit they pleaded the proceedings in the former action as a bar, alleging that the judgment therein rendered was by

consent, and was entered in settlement of the whole mat-
ter. Appellant denied that there was any agreement that
the judgment referred to should be a full settlement; and
the case having been submitted without any proof on be-
half of appellees, except the record itself, the court below
dismissed the petition. The correctness of this judgment
is the only question on this appeal.

The judgment in the original action quoted above shows
on its face that it must have been rendered by consent; for
by it the plaintiff recovers the full amount he sued for, and
yet it is adjudged that he pay the costs as between him and
Ed. Long, which included all the costs made in the case;
for Ed. Long only had appeared in the action. The whole
cause of action was sued on in that case, and the question
arises, can the plaintiff in that case, after taking judgment
for a part of the relief sued for, maintain another action
for the remainder of the relief sought in that action, but
not embraced in the judgment?

In Freeman on Judgments, sec. 272, the rule is thus
stated:

"The omission of a court to award relief prayed for is
an adjudication, in effect, that the complainant is not en-
titled thereto. Hence, if in an action on a note, and mort-
gage judgment is rendered on the note, without any order
of sale, this is conclusive that the plaintiff has no lien,
and he can not afterwards maintain an action to foreclose
his mortgage."

He then goes on to show that this is a necessary corol-
lary from the well-settled doctrine that a judgment is con-
clusive upon all matters presented by the pleadings which
the parties might have litigated and had decided in the
cause. The same doctrine is laid down in Van Fleet on
Former Adjudication, sec. 114, and Francis v. Wood, 81

Ky., 16; Washington, Alex. & Georgetown Steam Packet Co. v. Sickles, 24 How., 333; 1 Herman on Estoppel and Res Adjudicata, secs. 123, 469.

Under these authorities, we think it clear that the plaintiff in that action, after taking the personal judgment against Ed. Long, at his own cost, as the final judgment in that action, should not be permitted to maintain another action against Ed. Long to subject his life estate in the land to the debt; for this would be to allow him to prosecute two actions on the same cause of action, and recover part of the relief in one by consent, and then the balance in the other action. The same reasons make the first action a bar to the second action, as against the infants, who owned the remainder in the land subject to the life estate of their father, Ed. Long, as tenant by the curtesy. Besides, it would be manifestly unjust to throw the whole debt upon the infants' remainder; and we know of no principle authorizing it to be apportioned, and part of it charged to the remainder-man, in a case like this.

It seems to be clear from the evidence that Ed. Long had little or no property, and that the land was worth much more than the amount of the debt. The long delay in bringing the second suit, the fact that J. S. Gatewood gave the claim to B. Lawless after this judgment was entered, and that Lawless sold it to J. W. Gatewood for a recited consideration of $25, are persuasive, it was then considered that the lien on this land had been released; and we are satisfied that the chancellor's judgment meets the ends of substantial justice. Judgment affirmed.