CASE 10.—ACTION BY J. K. SUMRALL AGAINST P. MANINNI TO ESTABLISH HIS USE TO AN ALLEY WAY.— Dec. 11.

## Sumrall v. Maninni

Appeal from Boyle Circuit Court.

W. C. BELL, Circuit Judge.

Judgment for defendant. Plaintiff appeals. Affirmed.

1. Easement—Alley—Plea—Res Judicata—Where, in an action by one claiming an easement in an alley way adjoining his land, the defendant pleaded a judgment in a former action between the parties in which the plaintiff in this action then claimed to be the owner of the alley, and denied that the defendant had any right or title thereto, and which judgment declared the defendant the owner of the alley and enjoining the plaintiff from using it, said judgment is res judicata, and a bar to plaintiff's right of recovery.

J. T. WILSON, W. LAWSON SUMRALL, J. K. SUMRALL AND SUMRALL & SUMRALL for Appellant.

E. V. PURYEAR AND GREENE & VANWINKLE for Appellee.
A. C. VANWINKLE, guardian ad litem for Infant Defendant.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

· This action was instituted by appellant in the court below to establish his right to the use of an alley in the rear of a building owned by him in the city of Danville, which alley is upon, and extends to the back end of, an adjoining lot owned by appellee. It is admitted in the petition that appellee holds the legal title to the alley in question, but averred that his title is subservient to appellant's right to an easement therein of light and air for his building, and passage to and from the rear thereof, and that appellee, by erecting a plank fence at the west side of the alley and in close proximity to the wall of the rear of appellant's building, not only deprived him of the use of the alley as a passway, but also of light and venti- ation for that part of his building from which a door opens on an alley, and two windows are set above it. Appellant bases his right to the easement claimed upon the alleged ground that it was by implication granted him by his remote vendor, one Sneed, who owned both his lot and that of appellee, together with a third lot lying west of appellant's on which there was a livery stable; that Sneed erected the building on appellant's lot which he used as a lodging house in connection with a hotel he conducted on the lot now owned by appellee; that the alley was opened and maintained by Sneed for the use of the hotel, the occupants of the building on appellant's lot, and the livery stable; and that when Sneed, more than 30 years ago, sold and conveyed the lot now owned by

appellant to Mrs. O. Smith, from whom and through
several intermediate purchasers and conveyances the
title thereto finally passed to appellant, the easement
in question, being appurtenant to the freehold, by
these several conveyances passed with the title; and
that by reason thereof, and its alleged enjoyment
by appellant and his vendors for more than 30 years,
his right thereto cannot be questioned by appellee.
The answer contains a traverse, and in addition avers
that in 1895 appellee, by suit against appellant in the
Boyle circuit court, charged him with trespassing
upon the alley in controversy by using it as a pass-
way, and commencing to erect to and on his rear wall
a balcony which, when completed, would overhang
and obstruct the alley; that it was further averred in
the petition in that case that appellee was the sole
owner of the alley, and entitled to the exclusive use
thereof, and that appellant's acts of trespass and ob-
struction of the alley complained of were unlawful
and in violation of appellee's rights, for which reason
an injunction was asked to prevent the completion of
the balcony, and to restrain appellant and his tenants
from passing over or using the alley in question; that
the answer filed by appellant in that action denied
that appellee had any title to the alley, also denied
his right to use it and averred, in substance, that it was
owned by him and was in his (appellant's) possession,
and that he alone held the title thereto and was
entitled to the possession thereof; that upon the issues
thus made by the pleadings, the parties took proof,
and, following a submission of the case, judgment was
rendered in 1899 by the circuit court in appellee's
favor, declaring him the owner of the alley and en-
titled to the exclusive use thereof, and enjoining
appellant from using the alley, or building a balcony
over same.   The answer in the case at bar contains

the further averment that an appeal from the judgment in the former action was taken by appellant, and upon that appeal the judgment of the lower court was affirmed by this court. The answer also pleaded the judgment thus recovered by appellee in the circuit court, and later affirmed by this court, as a bar to this action. Appellant filed a reply which, in effect, admits the bringing of the former action and the result thereof, but avers that the judgment therein rendered only determined the question of title to the alley in appellee's favor, and denies that it constitutes a bar to his claim of an easement asserted in this case. A demurrer was sustained to the reply by the lower court, and the action dismissed. By this appeal, the appellant seeks the reversal of that judgment.

It is unnecessary to lay aside the plea of res judicata in order to decide whether, upon proof of the facts alleged in the petition, appellant would, as an original proposition, be entitled to the relief prayed. In our opinion the defense of res judicata must prevail in this case. In other words, the judgment in the former action is a bar to the appellant's claim here attempted to be asserted. It appears from the opinion of this court, delivered on the appeal from the judgment in the former action (see Sumrall v. Maninni, 64 S. W. 735, 23 Ky. Law Rep. 1060), that there was more than the question of title involved. It also involved the question of possession as well as title. As in part said in the opinion: "Appellee filed his action to compel Sumrall to remove a balcony he had caused to be built about 12 feet from the ground over a part of this strip (alley) and to enjoin him from trespassing on or using the strip in any way. The defendant pleaded that the strip was his, denying appellee's title, and alleged that it was in the actual adverse possession of appellant at the time the con-

veyance was made to appellee, and that his purchase was champertous  *  *  *  The action is not in the nature of an ejectment suit.  *  *  *''  ''An ease-ment is the right in an owner of one parcel of land, by reason of such ownership, to use the land of another for a special purpose not inconsistent with a general property in the owner.''  2 Washburn, Real Property, 299; 3 Kent's Com., 419.  The enjoyment of an ease-ment requires the use of the land in which the ease-ment exists, and to use is to possess.  An easement, therefore, involves possession, though the title and broader right of possession may be in another.  In a technical sense, the claim of an easement in property admits title in another, but asserts in the claimant such right of possession as may be necessary to the enjoyment of the easement.  It does not lie in the mouth of appellant to say that the possession of the alley was not involved in the former action as well as the title.  But if, as contended by him, he could not in that action have claimed title to, and an easement in, the alley at the same time, that fact would not make the judgment in that case any less a bar to this action. If these claims are inconsistent and appellant's defense in the former action did not, in fact, include the claim of an easement, he should not now be allowed to assert such a claim.  Having abandoned his right to the easement when it should have been asserted, and rested his right to the alley upon the question of title, or claim of actual adverse posses-sion, and lost on both grounds, it would be manifestly unjust to allow him to subject appellee to the annoy-ance and expense of another action that he (appellant) may litigate a matter or right upon which he could and ought to have relied in the first action.  Such a splitting of causes of action, or matters of defense, should not be tolerated.  On this subject we are told

by Mr. Freeman, in his work on Judgments, section 249, Title—Extent of the Estoppel: ''There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of the fact is again in issue between them, not only when the subject-matter is the same, but, when the point comes incidentally in question in relation to a different matter in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision. * * * The judgments of appellee courts are as conclusive as those of any other court. They not only establish facts, but also settle the law so that the law as decided upon any appeal must be applied in all the subsequent stages of the cause. * * * An adjudication is final and conclusive, not only as to a matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to, or essentially connected with, the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to the matters of claim and defense.'' McDaniel v. Stum, 65 S. W. 800, 23 Ky. Law Rep. 1935; Bement v. Ohio Valley B. & T. Co., 99 Ky. 115, 16 Ky. Law Rep. 676, 35 S. W., 139, 59 Am. St. Rep. 445; Holtheide v. Smith's Guardian, etc., 84 S. W. 321, 27 Ky. Law Rep. 60.

As the lower court did not err in sustaining the appellee's plea of res judicata, the judgment is affirmed.