### Cincinnati, New Orleans & Texas Pacific Railway Company v. McGuire, By et al.

(Decided April 27, 1916.)

#### Appeal from Grant Circuit Court.

Judgment—Res Judicata—Questions Concluded.—A judgment in a personal injury action against a railroad company, based on the theory that plaintiff's injuries were caused by the negligence of a particular employe while operating a particular engine, is a bar to a subsequent action against the company for the same injuries based on the theory that they were caused by the negligence of a different employe while operating a different engine.

A. G. DeJARNETTE, GALVIN & GALVIN and JOHN M. LASSING for appellant.

W. W. DICKERSON and O. S. HOGAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

I. D. McGuire, a minor, was employed by a firm of railroad contractors who had a contract for grading a part of the right-of-way of the Cincinnati, New Orleans & Texas Pacific Railway Company between the stations of Devon and Grubbs in Boone county. On May 10th, 1913, while standing on the track, as he claims, for the

purpose of tying his shoe, but while asleep on the track as the company claims, he was struck by one of the company's engines and his arm so injured that it had to be amputated. Through his father as next friend, he brought suit on September 5th, 1913 to recover damages of the railroad company and its engineer, John Sullivan. After setting out facts tending to show that he and the other workmen had been engaged for some time in grading the company's right-of-way at the place of injury, and that his presence on the track should have been anticipated, he charged in substance that his injuries were due to the negligence of the company, its agents and servants in operating engine No. 300 at a reckless and excessive rate of speed, and in failing to give any warning of its approach. He further alleged that the company's co-defendant, John Sullivan, was in charge of engine No. 300 and that it was through his negligence that plaintiff was injured. A trial before a jury resulted in a verdict and judgment for the defendant. This judgment has never been set aside or reversed, but is still in full force and effect.

On March 21st, 1914, the infant plaintiff, by and through his father as next friend, brought this action against the company and its engineer J. C. Lenehan to recover damages for the same injuries. The character of his injuries and the acts of negligence are set forth in substantially the same language as was employed in the original suit against the company and its engineer Sullivan. The only difference between the two petitions is that the first petition charges that plaintiff's injuries were due to the negligence of the engineer John Sullivan, who operated engine No. 300, while the second petition charged that plaintiff's injuries were due to the negligence of J. C. Lenehan, who operated engine No. 720; and that a claim of $184.00 for lost time and medical attention contained in the first petition is omitted from the second.

Among other defenses to this action, the railroad company set out the above facts and pleaded the judgment rendered in the first action as a bar to plaintiff's right to recover in this action. A demurrer to this plea was sustained. The jury returned a verdict for $750.00 against the railroad company alone. Judgment was rendered accordingly and the railroad company appeals.

The only ground urged for reversal is the error of the trial court in holding the plea of *res judicata* insuffi-cient.

In support of the ruling of the trial court it is pointed out that the plaintiff in the first action sought, under the doctrine of *respondeat superior,* to hold the railway company liable for the negligent acts of its engineer Sulli-van in the operation of engine No. 300, while in the second action he seeks to hold the company liable for the negli-gent acts of the engineer Lenehan in the operation of engine No. 720. It i , therefore, insisted that the wrongful acts complained of are not identical, that they occurred at a different time, were effected by a different instru-mentality, and were committed by a different wrong-doer. Hence it is argued that the cause of action stated in the first petition is entirely different from that stated in the present action, and that the former judgment is not a bar to plaintiff's right to recover. The trouble with the foregoing argument is that it overlooks entirely the well-established rule that an adjudication is final and conclusive, not only as to a matter actually deter-mined, but also to every other matter which the parties might have litigated, and have decided as incident thereto or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to matters of claim and defense. Wren v. Cooksey, 155 Ky. 620; Bement v. Ohio Valley B. & T. Co., 99 Ky. 109, 59 Am. St. Rep. 445; Sumrall v. Mannini, 124 Ky. 67; Jefferson v. Western National Bank, 144 Ky. 64; Francis v. Wood, 81 Ky. 16; or, as stated in Elswick v. Matney, 132 Ky. 294:

"No doctrine is better settled than that a judgment of a court of competent jurisdiction upon the merits of a case is conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated, but as to every ground of recovery or defense which might have been presented or deter-mined therein, either at law or in equity."

We have also held that a judgment for the defendant in an action against a railroad company to recover dam-ages for personal injuries alleged to have resulted from defendant's negligence is a bar to a subsequent action against the same defendant to recover damages for the same injuries, although the specific acts of negligence al-

leged in the two petitions are different—McCain v. L. & N. R. R. Co., 97 Ky. 804, and that the entire claim arising out of a civil transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and each form the basis of an action.  Cole's Adm'r. v. I. C. R. R. Co., 120 Ky. 686.

It is not true that as between plaintiff and the railroad company there are two wrongdoers.  As between them there is only one wrongdoer and that wrongdoer is the company, regardless of the particular employe who committed the wrong.  Nor is it true that plaintiff was injured on two separate occasions.  On the contrary, his injuries were all received at one and the same time.  In the very nature of things these injuries could give rise to but one cause of action as against the defendant company.  Having elected to prosecute this cause of action against the company to a final determination, on the theory that his injuries were caused by the negligence of a particular employe while operating a particular engine, his cause of action is necessarily ended, and the judgment in the former action in favor of the defendant company precludes plaintiff from recovering in this action for the same injuries, on the theory that they were caused by the negligence of a different employe while operating a different engine.  It follows that the trial court should have held the plea of *res judicata* sufficient.

Judgment reversed and cause remanded for proceedings consistent with this opinion.