[Civ. No. 4860. Third Appellate District.—November 6, 1933.]

MARY L. CLARK et al., Appellants, v. GEORGE C. BAUER, Respondent.

A. L. Wessels for Appellants.

Hale McCowen, Jr., for Respondent.

PLUMMER, J.—Judgment went for the defendant in this action, from which judgment and the denial of a motion for a new trial the plaintiffs appeal. ██ As no appeal lies from the denial of a motion for new trial, that portion of the appeal may stand dismissed without further consideration.

This action was prosecuted by the plaintiffs in the trial court to secure a judgment against the defendant for and on account of damages to a certain hay crop belonging to the plaintiffs, having been caused by the negligence and wrongful acts of the defendant; and also, exemplary damages are prayed for upon the ground that the defendant's actions were not only illegal and oppressive, but were the result of wanton and careless disregard of the plaintiffs' rights in the premises.

The record shows that the cause now pending before us is a second action covering in most particulars the facts and circumstances involved in a preceding action numbered 11355, and will hereafter be referred to as action 11355. The judgment in action numbered 11355 went in favor of the defendant, and is pleaded by the defendant in this action both as an estoppel and as a bar to the right of the plaintiffs to recover in this action.

The complaint in the action now pending sets forth in substance that from on or about April 1, 1924, the plaintiffs were the owners of a certain cable used in harvesting hay, and that the United States government, as the owner of a certain "Jackson" hay-fork, had loaned it to the plaintiffs for their exclusive use; that during the same time the defendant was the owner of a certain other "Jackson" fork, and that the parties, by agreement, had exchanged

these forks, but that neither party should have both forks at the same time if the other had any use for one of them.

The complaint further alleges that from on or about the fifteenth day of May, 1929, the plaintiffs had a certain crop of hay ready for harvest, and had use for one of the forks; that the defendant had possession of the fork belonging to the plaintiffs; that the plaintiffs had possession of the defendant's fork, and on or about the first day of June, 1929, offered to exchange the respective forks so that the defendant would have possession of the fork belonging to him, and the plaintiffs would have possession of the fork belonging to them, or loaned to them by the United States government, or rather, the officers who had charge of the fork and authorized to loan the same; that the defendant refused to exchange forks, and on or about the first day of June, 1929, took possession of the fork then in the possession of the plaintiffs, and retained the same until on or about the twenty-second day of June, 1929; that without the use of the "Jackson" hay-fork, the plaintiffs were unable to harvest their said crop of hay prior to the coming of a rain which damaged 74.15 tons of hay of the value of $942.30; that 33 tons of hay had to be subsequently moved from one barn to another, by reason of not having a "Jackson" fork for use in unloading the hay in the first instance, at an extra cost of $165; that the extra cost of harvesting the hay which was harvested by the plaintiffs and hauled and placed in barns without the use of the "Jackson" fork amounted to the sum of $102.50. Exemplary damages are asked in the sum of $2,500.

The answer of the defendant specifically denied the different allegations of the complaint, and pleaded as an estoppel and bar to this action, the judgment of the court in action numbered 11355. The complaint in action numbered 11355 prosecuted by the plaintiffs against the defendant in this action, and also one P. G. Potter, constable in and for Round Valley township, county of Mendocino, after alleging the possession of a certain cable, trip-rope and hay-fork, set forth that in an action of claim and delivery begun by the defendant George C. Bauer against Peter Clark and Lafayette Clark, a certain "Jackson" hay-fork, wire cable and trip-rope were taken from the possession of the plaintiffs on or about the first day of June, 1929, and detained

by the defendant Bauer until on or about the twenty-second day of June, 1929. The complaint further alleged in said action numbered 11355 that the United States government was, and for a long time prior thereto had been the owner of said hay-fork, and had loaned the same to the plaintiffs for their use in harvesting hay; that on the twenty-first day of June, 1929, the plaintiffs had a crop of hay on their lands and premises then and there farmed, used and occupied by them; that the hay was ready for harvest, and that they had use for said hay-fork; that by reason of the taking possession of said .hay-fork by the defendant Bauer, the plaintiffs were unable to harvest their crop until the same was damaged by rain, to their loss in the sum of $483.68. The complaint in said action also asks for $1500 exemplary damages by reason of the alleged fact that the defendant Bauer had wilfully, maliciously and wantonly deprived the plaintiffs of the use of the hay-fork.

The answer in said action denied the allegations of the complaint, and alleged that the defendant Bauer was the owner of the hay-fork referred to. At the conclusion of the trial in. action numbered 11355, the court found that the defendant Bauer was entitled to the possession of the "Jackson" hay-fork involved therein. The court also further found as follows: "That some hay of plaintiffs was damaged by rain, but said damage was not caused or contributed to, either directly or indirectly, by anything done by said defendants, or either of them, but was the result of the negligence, carelessness and lack of ordinary diligence on the part of the plaintiffs." Also: "That the cost of hauling and storing said hay in the barn was no greater without the derrick fork in question than it was with it." And also further found: "That none of the acts of the defendants, or either of them, were malicious, and that neither of the defendants had any malice against the plaintiffs, or either of them." The conclusions of law were to the effect that the plaintiffs were not entitled to judgment and costs were awarded to the defendant.

At the conclusion of the trial of the present action the court found that in the previous action, findings had been made as we have stated, and also further found as follows: "That the plaintiffs were careless, negligent and lacking in diligence in handling said hay crop; that it was not

hauled within a reasonable time after it was cut, and that all damages suffered by the plaintiffs were caused solely by their own negligence and lack of proper degree of prudence on their part." Also: "That none of the damages suffered by the plaintiffs was the natural, reasonable or proximate result of any act committed by the defendant, or of the omission by the defendant of any act which he should have performed."

While the appellant alleges that the court erred in making the findings just referred to, our attention is not called to anything indicating that the testimony introduced upon the present trial was or is insufficient to support such findings. That being true, we do not feel it incumbent upon the court to set out in this opinion the testimony appearing in the record warranting such findings, but will simply state that a reading of the transcript shows that the court might very properly make such findings, although it may be that a preponderance of the testimony is contrary thereto.

The record does show that within about 10 or 12 days after the first day of June, 1929, the plaintiffs did have the use of a certain other fork which enabled them to handle a considerable quantity of hay; and it also appears in the record that the cost of a new fork and cable would not have exceeded the sum of $25.

It appears from the record that there were two "Jackson" hay-forks, one a trifle larger than the other, and that in action numbered 11355, so far as the forks were con-concerned, the testimony related to one of the forks, and in the pending action, to a certain other fork. The hay involved in both actions was the same. In neither action was the recovery of the value of the forks sought, but both actions sought damages for the loss of the hay injured by rain, and also, exemplary damages. On the part of the plaintiffs it is contended that different forks being involved in the respective actions, the adjudication in the prior action is not either an estoppel or a bar to the recovery of damages in the pending action.

On the part of the defendant in the pending action, the contrary theory is advanced. A reading of the transcript shows that while separate forks were involved in the respective proceedings, the causes of action were to all intents

and purposes identical, to wit, the recovery of damages for the loss of hay injured by rain, and also exemplary damages on account of the alleged wilful misconduct of the defendant.

■ While the two findings in the present action, which we have set forth, are sufficient to sustain the judgment, we are of the opinion that the findings and judgment in action numbered 11355 were properly held to be an estoppel and a bar to recovery by the plaintiffs in the pending actions. The pleadings in both actions tendered the issue of damages. All the pleadings related to a particular hay crop, the plaintiff alleging in both actions that the action of the defendant Bauer caused the damage to their crop. The answer in both actions denied these allegations and put the question of damages in issue in both actions. The court specifically found on the question of damages in action numbered 11355, and likewise, in the pending suit. In both actions the court found that the damages suffered by the plaintiffs on account of the rain falling upon their hay crop was due to their own negligence in not expeditiously hauling and placing the same in barns. The court in both cases found that no act of the defendant Bauer had resulted in any damage to the hay crop belonging to the plaintiffs, and likewise held in both cases that the defendant was not actuated by any wilful or malicious motives.

While it is true, as stated in the case of *McDuff* v. *McDuff*, 45 Cal. App. 53 [187 Pac. 37], that "in the absence of findings, only those issues which were actually and necessarily included in the judgment, or necessary thereto, are deemed adjudicated". (Citing a number of cases, including, also, sec. 1911, Code Civ. Proc.) In the case at bar the court made specific findings upon all the questions tendered by the pleadings in action numbered 11355, which included the damages covered by the pleadings in the present action. Thus, as said in 34 Corpus Juris, 920, 921: "Within the general rule that a judgment is conclusive, for the purposes of a second action between the same parties or their privies, of all facts, questions or claims which were directly in issue and adjudicated, whether the second suit is upon the same or a different cause of action, a point or question is 'in issue' when an issue concerning it is directly tendered and accepted by the pleadings in the case, or when it is fairly within the scope of the pleadings, unless

the judgment went off on a preliminary question'', etc. And further: ''Where the matter was 'in issue' in this sense, it is not essential to the conclusiveness of the judgment that it should have been actually contested at the trial, if it was included in, and settled by, the decision in the case'', etc. And as further stated in the same volume, page 927: ''In the absence of proof that a particular issue actually was tried and determined in arriving at a former judgment, it is conclusive by way of estoppel only as to those facts without the existence and proof or admission of which it could not have been rendered; in other words, it is conclusive evidence of whatever it was necessary for the court or jury to have found in order to warrant the decision or verdict in the former action, and no further.'' In the instant case proof appears of what was actually litigated and determined in the prior action, to wit, the question of damages to the hay crop. Likewise, the alleged right to exemplary damages.

It is true that the right to the possession of the particular ''Jackson'' fork involved in action numbered 11355 might have been litigated without tendering any issue as to damages. However, such right could not have been litigated in the first instance in the superior court because the value of a new hay-fork, cable and trip-rope is shown by the record to have been only the sum of about $25, which would not have given the trial court jurisdiction. In other words, the question of damages had to be tendered by the pleadings in order to bring the case within the jurisdiction of the superior court.

In *Estate of Clark*, 190 Cal. 354 [212 Pac. 622], the rule which we are considering is thus stated: ''That judgment is binding not only in proceedings upon the same, but also upon a different cause of action in so far as it settles and determines questions of fact. (23 Cyc. 1288–1290.) It is well settled that a judgment or decree necessarily affirming the existence of any fact, is conclusive upon the parties, or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court.'' (Citing a number of authorities.) And further: ''A matter of fact once adjudicated by a court of compe-

tent jurisdiction, concurrent or exclusive, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court, at law, in chancery, in probate or in admiralty, when either party, or the privies of either party, allege anything inconsistent with it, and this, too, whether the subsequent suit is upon the same or a different cause of action. The facts decided in the first suit cannot be disputed." (Citing, Bigelow on Estoppel, pp. 110–112; *Rauer* v. *Ryand*, 27 Cal. App. 556 [150 Pac. 780]. See, also, 15 Cal. Jur., p. 97, sec. 166.)

The language found in the opinion in the case of *Price* v. *Sixth District Agricultural Assn.*, 201 Cal. 502 [258 Pac. 387], is pertinent here, to wit: "Moreover, it is immaterial, under the peculiar facts in this case, whether the cause of action be the same or not. Appellants in this connection cite Freeman on Judgments, 5th Ed., pages 1416, 1417, as follows: 'A former adjudication may be used for two different purposes, namely, either as a complete bar to the relitigation of the same cause of action, or as conclusive evidence of some fact or issue common to different causes of action'." This is true in the instant case. It is sought to relitigate the question of damages. In the opinion in the Price case it is further held that causes of action cannot be split up. The same relief is sought in both actions in the instant case, to wit: Damages to the hay crop and exemplary damages. True, different forks are referred to, but everything alleged and contained in the pleadings in the pending action was known to the plaintiffs at the time of filing their complaint in action numbered 11355. The testimony in this case shows that they knew all about the respective forks. As said in *Lamb* v. *Wahlenmaier*, 144 Cal. 91 [77 Pac. 765, 103 Am. St. Rep. 66], absolute identity of form of action is not required to support an estoppel. We quote from the syllabus: "The estoppel of a former judgment of a court of competent jurisdiction, upon the same matter directly in question in another court, is not limited to an action identical in form, or where the same parties are plaintiff and defendant, but may be invoked by parties in privity with them. The determination in the former action of an issue presented by the defendant by way of counterclaim, recoupment, or cross-complaint is *res adjudicata* as

fully as if determined in a separate action by the defendant against the plaintiff."

An almost similar case to the one at bar is that of *Cincinnati, N. O. & T. P. Ry. Co.* v. *McGuire,* 169 Ky. 711 [185 S. W. 93]. In that case an action for damages was begun against the company and an engineer by the name of Lenehan, who operated an engine numbered 720, after an action had been begun against the company, prosecuted and tried, alleging the same damages, by an engineer by the name of Sullivan, operating engine numbered 300. The contention was made that the former action was neither an estoppel nor bar to the second proceeding. The court held as follows: "The trouble with the foregoing argument is that it overlooks entirely the well-established rule that an adjudication is final and conclusive, not only as to a matter actually determined, but also to every other matter which the parties might have litigated, and have decided as incident thereto or essentially connected with the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to matters of claim and defense (*Wren* v. *Cooksey,* 155 Ky. 620 [159 S. W. 1167]; *Bemcnt* v. *Ohio Valley B. & T. Co.,* 99 Ky. 109 [35 S. W. 139, 18 Ky. Law Rep. 37, 59 Am. St. Rep. 445]; *Sumrall* v. *Maninni,* 124 Ky. 67 [98 S. W. 301, 30 Ky. Law Rep. 299]; *Jefferson* v. *Western Nat. Bank,* 144 Ky. 64 [138 S. W. 308]; *Francis* v. *Wood,* 81 Ky. 16), or, as stated in *Elswick* v. *Matney,* 132 Ky. 294 [116 S. W. 718, 136 Am. St. Rep. 180]: 'No doctrine is better settled than that a judgment of a court of competent jurisdiction upon the merits of a case is conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated, but as to every ground of recovery or defense which might have been presented or determined therein, either in law or in equity.' We have also held that a judgment for the defendant in an action against a railroad company to recover damages for personal injuries alleged to have resulted from defendant's negligence is a bar to a subsequent action against the same defendant to recover damages for the same injuries, although the specific acts of negligence alleged in the two petitions are different. (*McCain* v. *L. & N. R. R. Co.,* 97 Ky. 804 [22 S. W. 325, 15 Ky. Law Rep. 80]), and that the entire claim arising out

of a civil transaction, whether in the nature of a contract or tort, cannot be divided into separate and distinct claims and each form the basis of an action. (*Cole's Adm'r* v. *Illinois Central R. R. Co.*, 120 Ky. 686 [87 S. W. 1082, 27 Ky. Law Rep. 1087].) ''

In view of the cases which we have cited, the pleadings tendering issues in the two cases, and the findings in the second action which we have set forth, we conclude that the judgment should be affirmed on both grounds. And it is so ordered.

Thompson, J., and Pullen, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 6, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1934.