JUDGE ROBERTSON
delivered the opinion of the court:
To avoid the hazards to vendors and vendees of land resulting from constructive waivers of the implied liens of the common law, and to sub-purchasers, from questions of such lien, and of notice, the statute law of Kentucky, repudiating all such liens, provides, that “ where any real estate shall be hereafter conveyed, and the purchase money,.or any part thereof, shall remain unpaid at the time of the conveyance, the grantor shall not thereby have a lien for the same unless it be expressly stated in the deed what part of the consideration remains unpaid.” (2 Stanton’s Rev. Stat., 230.)
This enactment, abrogating implied liens, and substituting a constructively express lien, operating, when recorded, as notice to creditors and subsequent purchasers and encumbrancers, makes the prescribed recital in the deed an express lien; for if, as declared, there can be no lien unless the recital be made, the logical consequencé necessarily resulting from the recital is, that it shall import, and be equivalent to, an express lien reserved in the deed itself. The object of such recital is to secure a lien in this statutory mode; and, consequently, when a lien is thus secured, no other cotemporaneous and collateral security can neutralize or defeat it any more than if it had been more expressly and explicitly reserved.
*640 In this case the appellant, Beyland, having sold to the appellees, J. W. Sewell and Harriet Sewell, his wife, thirty-nine acres of land near Newport, Kentucky, on the 13th of September, 1865, conveyed to the said Harriet the legal title to the land by a deed containing the following recital: “ For and in consideration of twelve thousand nine hundred dollars, being two notes of D. S. Ogden, drawn by him to his own order, one for the sum of six thousand four hundred and thirty-two dollars and twenty-eight cents, the other for six thousand four hundred. and sixty-eight dollars and seventy-six cents, of date May 1st, 1865, due, respectively, in five and six months, to him transferred by Harriet Sewell, of Hamilton county, Ohio.”
Those bills, payable at the Ocean Bank of Now York, ■where Ogden lived, were duly presented for payment, and were dishonored and protested, and still remain unpaid.
In April, 1866, the appellant, Beyland, brought this suit in equity for enforcing a lien claimed by him, as reserved by the foregoing recital. The answers deny the lien, and resist the prayer for relief. On the hearing the circuit court dismissed the petition, and Beyland appealed, and urges a reversal of the judgment.
The recital of the consideration cannot be consistently construed as an acknowledgment of payment by an acceptance of the bills haphazard, as actual payment, and not as a mode of obtaining payment. The appellant, unacquainted, as he seems to have been, with Ogden or his means, should not be presumed so reckless as to have parted with his title, and taken the bills as payment, without indorsement or any recourse on either Sewell or the land, in the event of non-payment by Ogden. Nor does the recital allow the imputation of any such insane *641 temerity. It imports that the bills were taken for facilitating payment, without the circuity and delay of a suit against the land. If they actually paid the consideration, or were so intended, then the recital, as made, was motiveless and delusive, and the only proper recital would have been, that the consideration was twelve thousand nine hundred dollars “ in hand paid.” There could have been no other rational purpose in making the recital, as made, than to secure a lien on the land. It seems to us, therefore, that the deed reserved a lien, unaffected by the bills, even if they were taken as collateral security.
This conclusion dispenses with the unpleasant consideration of the question of fraud charged by the appellant, denied by the appellees, and litigated by the pleadings and other evidence.
Therefore the appellant, holding a lien, and offering, as he does, to return the barren bills, seems entitled to some relief, and the circuit court erred in dismissing his petition-
Judge Peters dissenting.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.