CHIEF JUSTICE WILLIAMS
delivered the opinio» of the oodrt:
This whole case proceeded on the mistaken theory that it was governed by section 1, article 15, chapter 36, 1 Stanton’s Revised Statutes, 488, which is as follows: “Where the defendant in an execution shall have owned the legal title in any real or personal estate, and have created a bona fide encumbrance thereon, by mortgage, deed of trust, or otherwise, before an execution has created a lien on the same, the interest of the defendant in such property may be levied on and sold subject to such encumbrance. 1. The purchaser at the sale shall acquire a lien on such property for the purchase money, and interest after the rate of ten per cent, per annum from the day of salé until paid, subject to the prior encumbrance.”
This was an adoption, with some alteration, of our old statute subjecting the right of redemption of mortgagors to sale under execution. (See 1 Morehead & Brown's Stat. Laws, 653.) The rights of the purchaser under such sales were different. Under the old statute, the purchaser, by paying off the encumbrance, became possessed of the absolute title, but, under the Revised Statutes, merely acquires a lien for the purchase money, with ten per cent, per annum interest.
But the Revised Statutes, no more than the former statutes, applied to vendor’s liens which were not created by “ mortgage or deed of trust or otherwise,” by the defendant in the execution after he became possessed of the legal title, but was a lien reserved by the vendor when he conveyed the title. The legal title in such cases passes to, and remains in, the vendee, subject, however, to the vendor’s lien; whereas, when the defendant has been possessed of the legal title, and conveys it as a security for a debt, by mortgage, deed of trust, or otherwise, the legal title passes out of him, and he has but an equity of *664 redemption, which could not be levied on and sold by execution but by express statutory provision. It was the object both of the former and Revised Statutes to make this redemption right leviable, and subject to execution sale. But a vendor’s lien, reserved in the deed of conveyance, can' in no legal sense be termed a right of redemption in the vendee, for he is, by said deed, invested with the entire legal estate, subject, however, to the ven-, dor’s lien.
It is the interest of the mortgagor which is subject to sale under this statute. But the vendee’s title, when it is conveyed by the vendor subject to his lien, is liable to be levied and sold under execution by virtue of section 1, article 13, same chapter and book, page 482.
; When G. W. L. Marr sold and conveyed the lot in contest to Mrs. A. A. Roulhac, there was a vendor’s lien specified for two hundred and twenty-five dollars of the unpaid purchase price. She afterwards sold and conveyed said lot to Frank Roulhac without specifying any lien, ■who afterward sold and conveyed it to appellee, setting out the unpaid purchase price of two hundred dollars, and thereby reserving a vendor’s lien.
Richard Owens being invested with the legal title and possession, his execution creditors, Munn & Co., had a right to have thé propeny levied on and sold, which they did, and became the purchasers at less than two thirds of its appraised value: subsequently to which Coker, Young & Co., being also execution creditors of said Owens, had his equity of redemption levied on and sold, and which they purchased; and having redeemed from Munn & Co., and Owens not having redeemed from them within the statutory period of the redemption privilege secured to the execution debtor, they took the sheriff’s deed, and possession of the house and lot. They subse *665 quently sold and conveyed it, and, after passing by several other conveyances, it came to appellant’s possession by a regular derivation of deeds as aforesaid.
In the meantime, both the administrators of G. W. L. Marr and Frank Roulbac had filed petitions to enforce the vendor’s lien of their respective decedents; and said property had been adjudged to be sold in satisfaction thereof, when Roulhac & Lauderdale, who had become intermediate vendees and vendors between Coker, Young & Co. and appellant, purchased a portion of the lot in satisfaction of said judgments enforcing the vendor’s liens.
In this State of affairs Richard Owens, supposing that his various execution creditors had acquired but a lien and not the legal title, brought suit in ordinary to recover said house and lot, to which defendant answered, setting out the various execution sales and the purchases thereunder, the sheriff’s deed, and various vendors’ deeds down to himself; and also that he had made lasting and valuable improvements worth some six hundred dollars, and had paid taxes on said property of some fifty dollars, and asked that the cause be transferred to the equity docket, which was overruled, and exception.
It is very evident that if the execution sale and sheriff’s deed did not vest Coker, Young & Co. with the legal title and absolute ownership, but merely gave them a lien, then the case should have been transferred to equity, and the whole case adjusted upon equitable principles. If it did, however-, invest them with the legal title and absolute ownership, as we think was unquestionably the case, then the judgment in Owens’ favor for the recovery of the house and lot was radically erroneous, as his suit should have been dismissed absolutely.
*666 Although we see no waiver of the jury, it is evident that the court tried it, probably by the consent of the parties. So far as this case is inconsistent with Hinton vs. Mitchell, fyc. (1 Duvall, 382), the latter is overruled.
Wherefore, the judgment is reversed, with directions for further proceedings consistent with this opinion.