JUDGE HARDIN
delivered tiie opinion oe the court.
A. J. Bell sold a lot in the town of Ashland to Daniel Berberry, and took Berberry’s two notes of one hundred dollars each for purchase-money. Bell having afterward recovered a judgment to sell the lot for his debts, it was sold, and purchased by Moriarity at the price of seven hundred and seventy dollars; and, that sum. exceeding the debt of Bell, he executed his bond to Bell for the amount of his debt, and another bond to Berberry for the surplus; and, the sale being afterward confirmed, a deed ivas made to Moriarity by a commissioner in which á lien was reserved for the purchase-money, and this deed was recorded in the proper office. On the bonds of Moriarity and his surety, Bell and Berberry sued out executions, which were levied on said lot, and the same was sold and purchased by L. E. Vessey at the price of three hundred and fifty dollars, it having been valued by persons selected by the sheriff at five hundred dollars; hence it sold for over two thirds of its appraised value.
Moriarity brought this suit seeking to be allowed to redeem the lot, alleging fraud in the valuation, by which it was appraised for less than its value to enable Vessey to buy and retain it at a sacrifice to the plaintiff; and that the land, being at the time encumbered by a lien for the same debts for which it was sold, was not liable to sale except under the provisions of section 1, article 15, chapter 86, Revised Statutes, regulating sales of encumbered *117 property under execution, by which the rights acquired by the purchaser are defined to be only a lien on the property for the price paid, and ten per cent, per annum interest thereon. The plaintiff further alleged that although the deed was certified to and recorded by the county clerk, it was not done at the plaintiff’s instance, nor had the deed been accepted by him.
All the material averments of the petition were controverted by the defendant. A judgment was rendered dismissing the petition, and Moriarity has appealed to this court.
As to the allegations of fraud and the non-acceptance of the deed, the first is not sustained, and there is nothing in the record to repel the presumption that, the deed being recorded, it was so recorded at the instance of the grantor, whose right and interest it was to have it recorded.
The only remaining questions therefore are, whether the property could be sold under executions for the same debts for which a lien existed upon it; and, if it could, whether the rights of the parties affected by the sale are governed by the provisions of the statute referred to, regulating sales of encumbered property, or by the general execution laws?
It is deemed sufficient to say as to the first of these questions, that although it has been decided by this court in Goring’s ex’x, &c. v. Shreve, &c., 7 Nana, 64; Swigert, &c. v. Thomas, ibid. 221, and Bronston v. Robinson, 4 B. Mon. 142, and other cases, that property mortgaged to secure a particular debt can not be sold under execution to satisfy the same debt, we are of the opinion that the principle thus settled is restricted to cases in which the property is encumbered by mortgage or other conveyance of the title to secure the debt sought to be enforced, and *118 does not apply to a case like this, in which, the legal title is vested in the debtor, subject only to a lien for purchase-money, which may be waived by a levy and sale of the property for the same debt, or by any other act inconsistent with the right to enforce it.
And as to the remaining question, it was expressly decided by this court, in the recent case of Bondurant v. Owens, 4 Bush, 662, that the provisions of the statute to which we have referred, as regulating sales of encumbered property under execution, do not apply to vendors’ liens which were not created by a mortgage, deed of trust, or otherwise, after the vendee became possessed of the title.
"Wherefore the judgment is affirmed.