McFarland, J.,
delivered the opinion of the Court.
About the 26th of October; 1866, Clark, Bigelow & Co., cotton merchants of Memphis, purchased a lot of cotton from the defendants, J. T. Pettit & Co. They also purchased cotton from other parties, and aboui that time delivered to “The Great Western All Rail Cotton Express Co.” forty-eight bales of cotton for shipment to Thayer, Bingham & Co. of Boston, Massachusetts, and received from said transportation company the bills of lading. They thereupon drew their bills of exchange upon Thayer, Bingham & Co. of Boston, and applied to the plaintiffs to discount the same. They exhibited the letter of Thayer, Bingham & Co., authorizing them to draw for two-thirds of the value of cotton consigned to them, and also exhibited the bills of lading for the forty-eight bales, showing *449 the shipment. Upon this the plaintiffs discounted the-bills, advancing five thousand nine hundred and fifty dollars, ($5,950,) and received the bills of lading with, the bills of exchange.
Very soon after this, probably the next day, the defendants, J. T. Pettit & Co., presented to the bank the check that Clark, Bigelow & Co. gave them for the cotton purchased of them — payment was refused, and the check protested. They thereupon, by telegraph, caused - a suit to be instituted against Clark,, Bigelow & Co. in the Chancery Court at Louisville,. Ky., and had the cotton intercepted and attached on its route through that city. Thayer, Bingham & Co.. having received information that the cotton had been attached, refused to accept the bills drawn upon them by Clark, Bigelow & Co., which had been discounted by the plaintiff. The plaintiffs thereupon, by petition, became a party to the suit brought by the defendants in Louisville, Ky., and set up by appropriate proceedings their superior claims to the cotton.
In February, 1868, the causes were heard and decided in favor of the bank. This decree was after-wards affirmed in the court of appeals; after the decree in the inferior court, the cotton was sold and the proceeds received by the bank, but failed to pay the-full amount due from Clark, Bigelow & Co. The failure of the cotton to bring an amount sufficient to-pay the bank, resulted from a decline in price of cotton pending the suit. Upon this state of facts this-action was brought by the bank against Pettit & Co. It is, in form, an action of tort. The declaration. *450 contains counts in trover, and also counts charging the unlawful seizure and detention of the plaintiffs’ property. The argument is, that the bank is entitled to recover the unpaid balance of their debt against Clark, Bigelow & Co., which they lost by reason of the decline in the price of cotton .pending the litigation in Kentucky. The Circuit Judge was of opinion that upon these facts, the plaintiff was not entitled to recover. For the purposes of this case we must take the decision of the Kentucky court as conclusive, so far as it goes, it being vested with jurisdiction of the .parties and subject matter.
The record of that case was read in evidence in this case, and we' have also an opinion of the Court of Appeals, reported in 4 Bush Ky. R. We take it to be very clear that the bank was not the owner of the cotton. But according to the court of Kentucky, it had a special lien or property in it, in the nature of a pledge for the amount advanced upon the bills, superior at least to the lien of the defendants, under their attachment, and this by virtue of the delivery of the bills of lading.
It is well settled that the pledgee of personal property is not and can not be the owner of it. The title is not in him. He is entitled to the possession and to hold that possession until his debt is paid— and he has the right in certain events, and in a certain mode, to subject the property to his debt. It seems to be conceded that under the attachment laws of Kentucky an equitable interest in property may be .attached at law or in equity — the purchaser under such *451 proceeding takes the property subject to the prior lien: Bondurant v. Owen, 4 Bush, 662.
It is true as a general proposition that one creditor can not, upon execution or attachment, take from another creditor property held by the latter as a pledge, without discharging the debt for which it is held: Story on Bailments, 353; Drake on Attachments, s. 245.
It is argued for the plaintiffs, that the remedy of the defendants, if any, was to institute the proper proceeding to subject the cotton first to the satisfaction of the prior lien of the bank, and then appropriate the surplus. That their levy should have been subject to the prior lien of the bank, and that having proceeded to attach the entire property, disregarding the lien of the bank, this was a conversion for which this action can be maintained.
The lien of the bank as he],d by the court of Kentucky, was based upon the constructive possession of the cotton, as evidenced by the delivery to them of the bills of lading. It was in its nature a secret Ken, and not known to the defendants. "Whether, upon this state of facts, the attachment of the cotton by the defendants under the laws of Kentucky was a conversion for which an action of trover could be maintained by the bank, may be doubted.
But for the argument we will concede this to be so. The bank in this view would have had the right to bring its action against the defendants, of replevin, or trover, for the conversion of the cotton. This, however, it did not do, but voluntarily became a party to the proceeding in Kentucky; filed their cross peti *452 tion, setting up their right to the property, or their superior lien. Clark, Bigelow & Co. were parties, defendant to this petition and answered it.
The bank prosecuted this remedy to a final determination, and were successful in gaining the entire proceeds of the cotton.
Can they now maintain trover or any other form of action, for the conversion of the property, by the bringing of the suit by the defendants in Kentucky?' Concede, for the argument, that the right to maintain trover or replevin was clear. Then the bank had its election — to proceed, by one or the other of these forms of action, or to institute the proceedings it did for the purpose of' enforcing its lien upon the property in the Chancery Court of Louisville.
Now, after having successfully prosecuted and exhausted that remedy, can it go back and prosecute the other remedy ? Can the bank have both remedies? Suppose, for the argument, that at .the time of filing the petition in the Chancery Court at Louisville, the bank had also brought an action of trover or replevin against the defendants for the cotton, would there be any doubt but that it would have been competent to elect which of the two remedies it would pursue; and having fully exercised one right and availed itself of one remedy, is not this a conclusive election? See the cases of Parham v. Parham, 6 Hum., 287; Watkins v. Watkins, 7 Yerg., 283.
Again, it is well settled that - an action of trover for the conversion of personal property, prosecuted to a judgment, and the judgment satisfied, vests the prop *453 erty in the defendants; but here we would have an action for this conversion of their cotton, and if judgment be rendered against the defendant and satisfied, the cotton would not be vested in the defendants, as it has already been appropriated to the benefit of the plaintiffs, in another proceeding. If the plaintiffs be entitled to recover, what would be the measure of damages?
The general rule in trover is the value of the 'property. Can it be said the plaintiff is entitled to recover the value of his property after having recovered it all in another suit? This certainly can mot be.
It is argued that the defendants having wrongfully prosecuted their suit in Kentucky, and the loss having occurred by the decline of cotton pending the litigation, that the defendant must make good the loss. We understand the proceeding in' the Kentucky Court to mean that both creditors prosecuted their claim against Clark, Bigelow & Co. rightfully — that the lien of the bank was declared to be superior. That the defendant obtained nothing, simply because the cotton did not sell for enough tp pay the debt of the bank and leave a surplus; The proposition is this: two creditors are seeking in the same court and by a similar proceeding to enforce a lien upon personal property, each claiming to have a prior lien, both are successful as against the debtor; but the lien of one creditor is held to be superior to the other, and the property not being sufficient at the time of sale to satisfy the debt of the first creditor, he seeks to hold the *454 unsuccessful creditor liable for the loss occasioned by the decline in- the value of the property during the time spent in litigation. We think this would be in-1 reducing an entirely new principle, and one not au-ihorized by reason or authority.
One error in the argument here made in behalf of the plaintiffs is, that it assumes that the suit iu Kentucky was a suit wrongfully prosecuted by the defendants against the plaintiff in this action. Whereas that suit was brought against Clark, Bigelow & Co.,, and the plaintiff here waived any objection to this, by instituting a similar proceeding also, claiming a specific lien upon the property which was declared in, their favor and enforced. The plaintiffs certainly can, not, in one suit, recover the entire property in specie- and appropriate it, and then in another suit in part against the same parties, recover a judgment for the-conversion of the same property.
We are of opinion that the Circuit Judge was correct in holding that the action could not be main--tained.
Let the judgment be affirmed.