CASE 33.—ACTION BY NELSON MATNEY AGAINST T. L.
ELSWICK TO OBTAIN THE CANCELLATION OF A
DEED.—March 5.

# Elswick v. Matney; Matney v. Elswick

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

From the judgment both parties appeal.—Affirmed
as to Elswick. Reversed as to Matney.

1. Judgment—Res Judicata.—In a former suit, with reference to
the land in controversy, defendant intervened, and claimed
title on the ground that the sheriff's deed under which plain-
tiff claimed was void, and that the plaintiff's vendor, B., had
no title to, or lien on, the land when he sold it to plaintiff
The court erroneously overruled defendant's contention, and
declared plaintiff to be the owner of the land by his purchase
from B. and the sheriff's deed. In a subsequent action, de-
fendant relied on the same chain of title previously pleaded
by him, pleading in addition only that B. lost any lien he
might have originally had by taking personal security for
the debt, and that defendant had not obtained a commis-
sioner's deed to the land, when he became a party to the·
former action. Held, that such additional facts did not.
change the conclusive character of the former judgment,
which, not having been appealed from, was res judicata.
2. Vendor and Purchaser—Vendor's Lien—Waiver—Personal Se-
curity.—Neither the taking of personal security, nor the re-
covery of a personal judgment and an attempt to make the·
debt by execution, is not ordinarily a waiver of a vendor's.
lien.
3. Judgment—Res Judicata—Conclusiveness.—A judgment on the·
merits is conclusive between the parties in a subsequent action
on the same cause, not only as to all matters litigated, but
as to every ground of recovery or defense which might have
been presented or determined therein, either at law or in.
equity.

Elswick v. Matney—Matney v. Elswick.

ROSCOE VANOVER for appellant Elswick.

1. Revival.—It may be stated as a general principle that a lien
once waived or abandoned can not be revived. This doctrine
is clearly upheld by this court in the case of Ducker & Jones
v. Gray, 3 J. J. Mar. 163, and same doctrine is re-affirmed by
this court in the following cases: (73 Ky. 93; 108 Ky. 740; 22
Ky. Law Rep. 143; 24 Ky. Law Rep. 337).

2. Is the judgment in the case of W. E. Bishop, Adm'r of
William Bishop, deceased v. Nelson Matney, rendered before appel-
lant had any title to said land, res judicata, as to the title after
acquired by appellant? We affirm that it is not.

On the question of res judicata, American & English Encyc., vol.
24, pp. 777, 778, says: "Changes of Condition.—An adjudication is
conclusive only as to those matters capable of being controverted
between the parties at the time, and as to conditions, then exist-
ing, and can not operate as an estoppel to another action or
proceeding which, though involving the same rights passed upon
is yet predicated upon facts which have arisen subsequent to the
former adjudication." It has been held repeatedly that the ques-
tion of res judicata does not and can not affect this acquired
subsequent to the adjudication.   (People v. Holladay, 93 Ca. 241;
27 American State Rep. 186; People v. Smith, 93 Cal. 490; State
University v. Moultsby, 55 N. Car. 241; Woodbridge v. Banning,
14 Ohio, 328; McKissick, 6 Hump (Tenn.) 75.)  Wherefore a
reversal of this cause is respectfully asked.

JAMES M. ROBERSON for appellee.

#### PROPOSITIONS.

1. The lien for the purchase money was not waived by accept-
ing personal security, because it was retained in the deed from
William Bishop, Sr., to Alex and John Matney, which fact showed
no intention to waive it.   (Bradley v. Curtis, 79 Ky. 327, 3 Ky.
Law Rep. 465 (Abstract).

2. Lands can be sold under execution on a judgment for unpaid
purchase price.   (Moriarity v. Vessey, 6 Bush 115).

3. But the question of waiver of lien by accepting personal
security and sale under execution, is res adjudicata.   (Lock v.
Com., 24 Ky. Law Rep. 654; Moran v. Vickory, 25 Id. 1305;
Hocking v. Hoover, 27 Id. 1003; 23 Cyc. 1170, 1171.)

4. The judgment in the former case of Bishop's Admr. v.
Matney, is conclusive in the case at bar.  See above cases.

5. Obtaining the deed by appellant, after the former adjudica-
tion, does not authorize him to relitigate the question of owner-
ship of the land in this action.   Appellant did not acquire a.
new title, but only the confirmation of the title he already had..
(Byers v. Neal, 43 Cal. 210; Freeman on Judgments 329.)

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE.

These appeals are from the same judgment. Both
were granted by the court below, and by an agree-
ment of the parties have been submitted and heard
together in this court. As a matter of convenience
T. L. Elswick will in the opinion be called appellant,
and Nelson Matney appellee. The action out of which
these appeals arose was instituted by appellee against
appellant in the court below to obtain the cancella-
tion of a deed made the latter by the master commis-
sioner of the Pike circuit court, under an order of that
court entered in the case of M. E. McCombs, etc., v.
Alex Matney, etc., and which purported to convey ap-
pellant an undivided half of a 200-acre tract of land
situated on the Louisa fork of Big Sandy river in
Pike county; it being alleged in the petition that
appellee is the owner and in possession of the land;
that appellant is casting a cloud upon his title by
wrongfully and illegally claiming to be the owner
and entitled to the possession of an undivided half
thereof by virtue of the commissioner's deed referred
to, and that the deed in question, the order directing
its execution, and the judgment of the court under
which an undivided half of the land was sold and
purchased by appellant were and are each and all void.
After further averments as to the derivation and
superiority of appellee's title to the land, and attack-
ing that attempted to be asserted by appellant, the
petition concludes with a prayer that appellant's

deed be set aside and appellee's title to the land quieted.

There is practically no disagreement between the parties as to the facts upon which the controversy rests. It is admitted that the land in controversy was formerly owned by Wm. Bishop, Sr., and that he by deed of March 22, 1889, sold and conveyed it to Alex Matney and John Matney at the price of $800, of which amount $300 was then paid by the grantees, and for the remainder they executed two notes; one for $300, payable May 1, 1890; and the other for $200 payable May 1, 1891. All this was fully stated in the deed, which expressly retained a lien upon the land to secure the payment of the notes. The deed was at once duly recorded in the office of the clerk of the Pike county court. In addition Jane Matney placed her name to the note of $200, presumably as surety, though that fact does not affirmatively appear of record; nor does it appear whether she was the wife of Alex Matney or John Matney, or what relation, if any, she bore to them or either of them. On September 15, 1892, Alex Matney executed to M. E. McComb and I. M. Webb a mortgage upon his undivided half of the land, which had been conveyed him and John Matney by Wm. Bishop, Sr., to secure the payment of a note of $400, and the mortgage was shortly thereafter duly recorded. In the meantime the $300 note executed by Alex and John Matney to Wm. Bishop, Sr., for the first deferred payment on the land, and which became due May, 1890, seems to have been paid at maturity; but the note of $200, executed by them and Jane Matney to Bishop, was not paid when it became due, May 1, 1891, and shortly thereafter Wm. Bishop, Sr., brought in the Pike circuit court an action at law upon it

against the obligors, and, after they were duly summoned, obtained a personal judgment against each of them. It does not, however, clearly appear from the record whether this action was instituted before or after the execution of the mortgage from Alex Matney to McCombs and Webb, nor is this material in view of subsequent events.

In due course an execution issued on the personal judgment obtained by Wm. Bishop, Sr., against Alex Matney, John Matney, and Jane Matney, which, while in full force, was levied by the sheriff upon the 200 acres of land Bishop sold and conveyed Alex Matney and John Matney. After due advertisement there was a sale of the land by the sheriff under the execution levy, and at that sale Wm. Bishop, Sr., being the highest and best bidder, became the purchaser of the whole thereof at the amount due upon the execution, which included the principal of the $200 note, interest thereon from its date, and the costs of the suit and sale. After the sale of the land under Bishop's execution, McCombs and Webb brought an action in equity to recover of Alex Matney the amount of their note against him, and to enforce their mortgage lien upon Alex Matney's undivided half of the 200-acre tract of land, in satisfaction thereof. Judgment was rendered in the last-named action as prayed, and at the sale by the master commissioner of Alex Matney's interest in the land, made as directed by the judgment in favor of McCombs and Webb, the appellant, Elswick, became the purchaser at the amount of the judgment debt. He did not, however, obtain a deed to Alex Matney's undivided half of the land thus sold, for more than a year after the sale; but, whether the delay was because the judgment debtor had an equity of redemption in the land, or

from some other cause, does not appear. Neither appellee nor Wm. Bishop, Sr., was a party to the action brought by McCombs and Webb, nor were the latter parties to the action brought by Wm. Bishop, Sr., against Alex, John, and Jane Matney. Prior to the decretal sale, and fully a year after the purchase of the entire 200-acre tract by Wm. Bishop, Sr., at the sale under his execution, he made a verbal or parol sale of the whole to the appellee, Nelson Matney, at the price of $200, for which the latter gave his note. At that time Alex and John Matney's equity of redemption had expired, and soon thereafter appellee, by virtue of his purchase of the land from Bishop and of its previous sale under Bishop's execution. received from the sheriff of Pike county a deed conveying it to him, which deed was made by that officer upon Bishop's order, and in which Alex Matney, John Matney, and Jane Matney, all united to ratify appellee's purchase of the land, and divest themselves of all interest therein. This deed was immediately put to record in the Pike county court clerk's office.

After appellee's purchase of the land from Wm. Bishop, Sr., and the obtention of his deed from the sheriff, Bishop died intestate, and soon thereafter Wm. Bishop, Jr., as administrator of his estate, sued in the Pike circuit court to recover of appellee the amount he had agreed to pay the intestate for the land, and to enforce a vendor's lien thereon for its payment. In that action appellee filed an answer denying any indebtelness to the decedent's estate for the land, and alleging payment in full of the consideration. During the pendency of the action the appellant was upon his petition made a party, and the petition taken as an answer and counter-claim. Appellant therein denied that the administrator of the

estate of Wm. Bishop, deceased, had or held a lien upon the land; set up the execution by Alex Matney of the mortgage to McCombs and Webb; the bringing of the suit by the latter to enforce the mortgage lien; the judgment and sale thereunder of the land in satisfaction thereof; its purchase by him, and the confirmation by the court of the sale. In addition, he alleged that the mortgage lien of McCombs and Webb, and his title acquired by purchase at the decretal sale, were superior to the lien attempted to be asserted by Bishop's administrator, and also to whatever title appellee acquired to the land under his purchase from Wm. Bishop, Sr., and the sheriff's deed. Upon the submission of that case the circuit court rendered judgment sustaining appellee's plea of payment as to the alleged lien debt asserted by Bishop's administrator, dismissed the latter's petition, and also dismissed the petition, answer, and counterclaim of appellant. Appellant excepted to the judgment, prayed and was granted an appeal, but failed to prosecute it; and, as more than two years have elapsed since the judgment was rendered, it is now too late for him to do so.

In the present action, brought by appellee to quiet his title to the land in controversy, appellant filed an answer and counterclaim containing a traverse of the averments of the petition, and alleging title in himself to that undivided half of the land formerly owned by Alex Matney; his title having been acquired, as claimed, by virtue of the judgment enforcing the mortgage lien of McCombs and Webb, rendered in the suit brought by them against Alex Matney, and his (appellant's) purchase of Alex Matney's half of the land at the decretal sale, for which he later received a deed by order of the court from the master commissioner. Appellant's answer contains the fur-

ther averments that appellee's vendor, Bishop, by taking personal security upon the $200 note he received from Alex Matney and John Matney for the last deferred payment on the land in controversy, and, by obtaining a personal judgment against the makers and proceeding to collect the same by execution, waived and lost the lien retained by the deed be made to them, and also that at the time of the sale of the land under his execution, and its sale thereafter to appellee by Bishop, both knew of the existence of the mortgage lien of McCombs and Webb, and appellee was therefore a purchaser with notice thereof, and of appellee's title, acquired as purchaser at the sale of Alex Matney's half of the land in satisfaction of the lien of McCombs and Webb. The answer was made a cross-petition against John Matney, it being alleged that he is the owner of an undivided half of the land, and that appellant is entitled to a partition of the land, one half of which should be allotted to him, and the other half to John Matney. Appellee by reply controverted so much of the answer as asserts title to any part of the land in appellant or John Matney, and pleaded the judgment and record in the former action of Bishop's administrator against him (appellee) as a bar to such claim of title. Upon the hearing the circuit court dismissed appellee's petition, and also the answer, counterclaim, and cross-petition of appellant, thereby refusing to grant either of them the relief prayed. As previously indicated, each complains of the judgment.

It will be unnecessary to consider on these appeals the judgment of the circuit court in the action of Wm. Bishop's administrator against Nelson Matney, except to say that the court, instead of the action taken, should have set aside the sale made of the land in

controversy under the execution in favor of Wm
Bishop, Sr.; also the later sale of Alex Matney's un-
divided half of the land, made under the decree in
the case of McCombs and Webb against Alex Matney,
at which the appellant, Elswick, was the purchaser,
and likewise the sale of-the land made by Wm. Bishop,
Sr., to the appellee, Nelson Matney, and adjusted the
rights of all the parties by adjudging the admin-
istrator of Wm. Bishop, Sr., a lien upon the entire
tract of 200 acres as security for the $200 note exe-
cuted to the decedent by Alex, John, and Jane Mat-
ney, but making appellee, by virtue of his purchase
of the land from the decedent, the beneficiary of such
lien instead of the decedent's administrator, and
allowed appellant, as purchaser under the judgment
enforcing McCombs' and Webb's mortgage, a second
lien upon the undivided half interest of Alex Mat-
ney in the land for the amount of the mortgage debt,
and then adjudged a sale of the land in such a manner
as would have satisfied the above liens according to
priority. The court failed, however, to enter in the
case of Bishop's administrator against Nelson Mat-
ney such a judgment as we have indicated, and the
judgment actually rendered therein, in terms and
effect, declared appellee the owner of the land in
controversy, by virtue of his purchase thereof from
Wm. Bishop, Sr., and the sheriff's deed made him in
pursuance thereof, in which Alex Matney and John
Matney joined. But when appellant became by inter-
vening petition a party to that action, and therein
set up his claim and alleged title to the land, and
assailed that of appellee upon the grounds that the
deed he received of the sheriff was void, and that
his vendor, Wm. Bishop, had no title to or lien upon
the land when he sold it to appellee, he put in issue

his own claim of title as well as that of appellee. In overruling the contentions of appellant and dismissing his petition and answer, the circuit court rejected his claim of title to any part of the land in controversy; and, as the judgment has not been reversed and is yet in force, appellant is concluded by it.

By his answer, counterclaim, and cross-petition in the instant case appellant relies upon the same claim of title pleaded by him in the case of Bishop's administrator against Nelson Matney. The only additional facts here pleaded are that Wm. Bishop, Sr., by taking personal security upon the $200 note of Alex and John Matney, procuring a personal judgment against the obligors and proceeding by execution, waived and lost his lien retained on the land by the deed to the Matney's and that appellant had not obtained the commissioner's deed when he became a party to the former action. These additions to the former plea cannot alter the effect of the former judgment. The pleading filed by appellant in the first case attacked the validity of Bishop's lien and denied its existence. The one filed in the present case does the same thing, but with greater particularity; this is the only difference. If it were necessary to pass upon that question we might very properly say that this court has held that the taking of personal security is not a waiver of a vendor's lien, unless there be an actual intention to waive the lien. Bradly v. Curtis, 79 Ky. 327, 2 Ky. Law Rep. 329; Colcord v. Seamond, 6 B. Mon. 265; McClure v. Harris, 12 B. Mon. 265; Beyland v. Sewell, 4 Bush, 637. Nor does the recovery of a personal judgment and an attempt to make the debt by execution ordinarily waive a lien that may exist as security for the debt. Roberts v. Bruce, 91 Ky. 379, 15 S. W. 872; Moriarity v. Vessey,

6 Bush, 115; Bondurant v. Owens, 4 Bush, 662. However, it is not material in this case whether or not the vendor's lien was lost, as appellant has once litigated that question with appellee and his vendor. Its decision against him, whether right or wrong, must stand; the matter being res judicata.

No doctrine is better settled than that a judgment of a court of competent jurisdiction upon the merits of a case is conclusive between the parties in a subsequent action upon the same cause, not only as to all matters actually litigated, but as to every ground of recovery or defense which might have been presented or determined therein, either at law or in equity. As said in Sumrall v. Maninni, 124 Ky. 67, 98 S. W. 301, 30 Ky. Law Rep. 299, (quoting with approval from Freeman on Judgments, section 249): "There is no doubt that a judgment or decree, necessarily affirming the existence of any fact is conclusive upon the parties or their privies whenever the existence of the fact is again in issue between them, not only when the subject-matter is the same, but when the point comes incidentally in question in relation to a different matter in the same or any other court. * * * An adjudication is final and conclusive, not only as to a matter actually determined, but as to every other matter which the parties might have litigated and have decided as incident to, or essentially connected with, the subject-matter of the litigation, and every matter coming within the legitimate purview of the original action, both as to the matters of claim and defense." Holtheide v. Smith's Guardian, 84 S. W. 321, 27 Ky. Law Rep. 60; McDaniel v. Stum's Adm'r, 65 S. W. 800, 23 Ky. Law Rep. 1935; Moriarity v. Vessey, 6 Bush, 115.

We think the circuit court properly dismissed the

appellant's answer, counterclaim, and cross-petition, but that it should have granted the relief asked by appellee, and entered judgment quieting his title to the land in controversy. His title cannot be assailed by appellant, and his possession of the land seems to be sufficient to entitle him to such relief. Wherefore the judgment is affirmed as to the appellant, Elswick, and reversed as to the appellee, Matney, and upon. the return of the case to the court below that court will enter such a judgment as will quiet appellee's title to the land, and otherwise conform to this opinion.