## Wood v. Sharp's Administrator.

(Decided May 15, 1914.)

Appeal from Jefferson Circuit Court
(Chancery Branch, First Division).

1. Res Judicata—When a Defense.—A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. A plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action.

2. Decedents' Estates—Claim Against—Once Rejected, Judgment a Bar to Second Application For Its Recovery—Remedy of Creditor in Such Case.—Where in an action to settle a decedent's estate, the claim of a creditor was disallowed by the court on an exception to the commissioner's report and upon the ground that it was not a valid, enforceable demand against the estate, the judgment rejecting the claim, unless vacated by the court rendering it or reversed on appeal, will bar a subsequent application for its allowance or recovery, though made in the same action; and an appeal from the second judgment will not be entertained by the Court of Appeals, the first judgment being res judicata.

C. T. ATKINSON, ROWAN HARDIN for appellant.

BENNETT H. YOUNG, MARION RIPY for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the circuit court refusing to allow a claim of $925.00, asserted by the appellant, D. S. Wood, against the estate of John M. Sharp, deceased. Sharp died August 9, 1909, testate, leaving a considerable estate, but the administrator with the will annexed, finding it insufficient to pay his debts, brought suit to settle the estate, and the case was referred to a commissioner to report the assets and liabilities. Sharp conducted a brokerage business in Louisville for several years before his death. The appellant, by answer and counterclaim, set up and prayed judgment for a demand of $5,886.21, alleged to be due him from the decedent's estate upon account, and this claim, duly verified, was filed with the commissioner. It appears from the books of Sharp, and is admitted by appellant, that of this indebtedness $3,029.97 arose from operations on the stock market through Sharp as broker, and $2,856.24 from operations on the grain market.

The allowance of all but $925.00 of appellant's claim was resisted before the commissioner by George Pfau, also a creditor of the estate, who objected to it on the ground that the whole of it, except the $925.00 mentioned, which the books of Sharp showed to have been deposited with him by appellant in cash July 14, 1909, as margins on grain speculations, represented profits arising from wagering transactions which, it was claimed, Sharp's estate was not liable for. The commissioner, on the evidence taken by him, sustained the contention of Pfau, and rejected all of the claim of appellant except the item of $925.00, which was allowed. Following the filing in the circuit court of the report of the commissioner showing this action on appellant's claim, the latter excepted to it. On the hearing of these exceptions and those filed to other claims reported on by the commissioner, the circuit court overruled appellant's exceptions in part and sustained them in part, but in so doing allowed $3,029.97 of his claim and disallowed $2,856.24 thereof. The part allowed was what was due appellant by way of profits growing out of his operations with Sharp on the stock market, and the $2,856.24 disallowed profits realized by him through Sharp as broker on the grain market; the rejected part of the claim included the $925.00 which had been allowed appellant by the report of the commissioner, all of which is shown by the judgment of the court entered January 7, 1913, which also allowed or rejected the claims, respectively, of other creditors of

Sharp's estate reported on by the commissioner. No exception was entered by appellant to this judgment or appeal taken therefrom. Several weeks after this judgment was rendered appellant filed with the commissioner an independent claim for the $925.00 cash deposit made by him with Sharp July 14, 1909, and asked its allowance, the claim being supported by the affidavits of appellant and others. We have been unable to find in the record any order of the court referring the case to the commissioner a second time for a report as to additional claims against the decedent's estate. But waiving that matter, we do, however, find from the record that counsel for the administrator appeared before the commissioner and objected to any further consideration by him of the claim in question, and also to its allowance, upon the ground that it had previously been presented in another form by appellant and disallowed by the judgment of the court previously entered, January 7, 1913, which, it was claimed, made the matter *res judicata.* This view of the question was adopted by the commissioner, and by his report, later filed, the claim was disallowed. Appellant excepted to the report but the court, as shown by its judgment then entered, overruled the exception and confirmed the report, thereby sustaining the commissioner's rejection of the claim. This appeal is prosecuted from that judgment.

It is insisted for appellee that, as the only question presented by this appeal was decided by the judgment of the circuit court on January 7, 1913, from which no appeal was prosecuted, the present appeal from the subsequent order or judgment of that court refusing a relitigation of appellant's claim for the $925.00 and again rejecting it cannot be entertained by this court. In other words, that the first judgment being final and conclusive of appellant's rights, the matter of appellant's claim is *res judicata.* If this contention prevails other questions raised by appellant's counsel need not be considered.

In our opinion the contention is sound. The first judgment manifestly disallowed appellant's claim, and being final and conclusive, it barred his right to relitigate the claim as attempted by the second application to the circuit court for its allowance. His remedy was to move to set aside the judgment, or an appeal therefrom to this court. Neither of these remedies was resorted to. Instead a second application for the allowance of the re-

jected claim was made and the appeal is from the judg-. ment disallowing it the second time. It is the policy of the law to conclude all litigation as speedily as may be consistent with the ends of justice. It is, therefore, a well recognized rule that a former judgment, until vacated or reversed, is conclusive in a subsequent action between the same parties as to all demands, claims or titles put in issue and adjudicated in the first suit, although the second has a different object or relates to a different subject matter. The following amplification of this doctrine is thus stated in 23 Cyc., 1170:

"A judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, is conclusive not only as to every matter which was offered and received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action. A party there- fore must present in one action all the reasons, grounds, and evidence which he may have in support of his claim or defense, and if he has several claims or titles to the property in controversy he must assert them all. Again if a party is brought into a case and has a fair legal opportunity to present and enforce any claim he may have in relation to the subject matter he must avail himself of it, and whether an original party or an intervener, he must present his whole case, extending his claim so as to embrace everything which properly constitutes a part of his cause of action or defense. Further a plaintiff must recover in one action all he is entitled to; if dissatisfied with the result, he cannot bring a new suit to recover something more on the same cause of action." Elswick v. Matney, 132 Ky., 294; Sumrall v. Maninni, 124 Ky., 67; Holtheide v. Smith's Guardian, 27 R., 60; McDaniel v. Stumm's Admr., 23 R., 1935; Moriarity v. Vessey, 6 Bush, 115.

In Commonwealth v. Churchill, 131 Ky., 252, which was an attempt by a revenue agent in a second proceeding to have listed for taxation property which the county court had failed to assess on a previous similar application by him, we held that the judgment rendered by the county court on the first application was *res judicata* and that the second proceeding could not be maintained. In the opinion it is said:

"While the county court acts ministerially in assessing property, it acts judicially in determining whether

it is subject to assessment, and so an appeal lies from so much of its judgment as determines whether the property is subject to assessment. When the county court in the former proceeding held that certain property had been omitted from assessment, it necessarily held that this was all that was omitted of the property sought to be assessed in the statement. The determination of the county court that the other property referred to in the statement was not subject to assessment is conclusive upon the Commonwealth. Commonwealth v. Bacon, 126 Ky., 30. The conclusive effect of that judgment can not be affected by parol evidence in this action as to what was in fact assessed in that action; nor is it material whether it was an agreed judgment or otherwise. Unless the judgment is opened in the manner provided by law, it can not be attacked collaterally, and no judgment can be had here for relief which might have been had there if the evidence had been adduced. Davis v. McCorkle, 14 Bush, 746; Anderson v. Meredith, 82 Ky., 564; Couchman v. Bush, 26 R., 1277.''

The latest application of the rule in question made by us was in the case of the United States Fidelity & Guaranty Co. v. William D. Carter, etc., 158 Ky., 737, the question involved being whether, in a suit on a trustee's bond, the surety could attack an item of $6,089.00 previously charged against the defaulting trustee in a settlement of his accounts, the surety having been a party to the action in which the settlement was had and to the settlement. In holding that the circuit court did not err in holding that the surety was concluded by the settlement and judgment confirming same, we in part said:

''The guaranty company was not only a party but a privy to the action, and under section 734 of the Code it unmistakably had the right of appeal, and it seems to us that the sole question for determination is whether the judgment of the lower court on that settlement and the guaranty company's failure to take the appeal has precluded it from questioning the validity of the charge in a collateral suit.   *   *   *   We are of opinion that the settlement of the trustee's accounts is conclusive evidence against the surety, and it having failed to take an appeal, that settlement and the judgment thereon is *res judicata* as to the surety.''

It is not material that the circuit court erred in rejecting appellant's claim to the $925.00 in question. If, as contended by appellant, it was not a profit made on a

grain or stock wagering speculation, but actual cash deposited by him with Sharp as his broker as a margin to cover any loss that might result from such stock or grain speculation which the latter conducted or was to conduct for him, it should have been allowed by the court as a valid claim against the estate of Sharp; but as appellant had his day in court, his hearing upon this and all other items of his account, the court's disallowance thereof on such hearing was a final judgment, and that judgment, not having been appealed from or reversed, could not, on a subsequent second application for the allowance of the same claim in that court, or on an appeal from the judgment rendered in disallowing it the second time, be collaterally attacked.

Judgment affirmed.